Parsons, C. J.
A new trial is prayed for on three grounds — *173 that the jury found their verdict against the weight of evidence; that they were misdirected by the judge in a matter of law; and that, since the trial, other material evidence has come to the knowledge of the defendant.
What was the evidence to the jury, or the direction of the judge in the matter of law, appears only from the allegations in the petition. But they ought to appear, either by exceptions allowed by the judge, or by his report, unless the judge should unreasonably refuse to allow exceptions, or make a report. In the present case, no exceptions were tendered to the judge, and no application was made for any report. We do not therefore inquire into the existence of th°e two first grounds on which a new trial is prayed for.
The third ground is, that since the last trial the defendant has come to the knowledge of a material fact.
This is thus explained:—The note was supposed at the trial to be declared on as dated Sept. 24, 1801. The defendant insisted that the date was the 4th of the same September, but the jury consider ed it as a note dated the 24th of September. Now, the petitioner says, that it has come to his knowledge, that, on the last-mentioned day, he was absent in a remote part of the District of Maine, and so could not have made the note on that day.
The defendant cannot prevail on this ground; for he knew where he was on the 24th of September, 1801, as well * before the trial as after; and a want of recollection of [ * 207 j a fact, which, by due attention, might have been remembered, cannot be a reasonable ground for granting a new trial . For a want of recollection may always be pretended, and may be hard to be disproved.
In examining the record relating to this last ground, a fact has come to the knowledge of the Court, by which it is manifest that the last trial was a mistrial. On that trial, it was the understanding of Doth the parties, that the plaintiff’s declaration was upon a note dated September 24, 1801, and the jury were therefore directed, if the note produced was dated the 4th of September, that the issue - was with the defendant, the dispute about the date of the note arising from the appearance of the note on the face of it. On examin ,ng the record, it appeared that the plaintiff had declared on a note, as dated the 4th of September, 1801, but the record of the judg ment of the Common Pleas had in this Court been altered, so that the date appeared in that record to be the 24th of September, 1801. But the writ of review, which was the foundation of the second trial, was right, describing the note as dated the 4th of Septembei. Upon inquiry, there appears to have been in the plaintiff’s attorney no designed malpractice. He supposed that he had leave to amend ; *174 and on that supposition, instead of filing a new count, or having a special entry of the amendment ordered, he very irregularly altered the copy of the Common Pleas’ judgment; but made no alteration in the writ and declaration. There does not appear to have been any leave to amend granted, and therefore the alteration is nugatory. But as the plaintiff might have had leave to amend by filing a new declaration upon the usual terms, we are not disposed to believe that the attorney acted criminally; but he certainly acted with imprudence, for which his client must necessarily suffer.
Upon ordering another trial, as it is on review, we cannot direct an amendment without consent. But as the jusl * 208 ] tice *of the case seems to require an amendment, in order to relieve the defendant against a mistrial, and to put the cause in such a form that the merits of it may be tried, we have concluded to order — that if the defendant’s counsel will sign and file a consept, that upon the retrial of this cause, the writ, declaration and record shall be considered and taken to be so amended, as that the note declared on shall bear date the 24th of September, 1801, then the judgment entered at the last October term shall be vacated, the action shall be brought forward to this term, when, because of the mistrial, the verdict shall be set aside, and a new trial be granted