## Commonwealth vs. Albert Lopez.

Worcester. January 9, 1998. - February 6, 1998.

Present: Wilkins, C.J., Abrams, Lynch, Greaney, Fried, Marshall, & Ireland, JJ.

*Practice, Criminal,* Plea, Postconviction relief, Presumptions and burden of proof. *Constitutional Law,* Plea. *Due Process of Law,* Plea. *Rules of Criminal Procedure.*

Discussion of the standards governing a judge's consideration of a defendant's motion to withdraw guilty pleas under Mass. R. Crim. P. 30 (b), when the motion is filed in a sentencing enhancement context and where no record of the pleas exists and there is no ability, due to the passage of time, to effectively reconstruct the record. [660-664]

This court concluded that a criminal defendant seeking collaterally to challenge a conviction by guilty plea must submit sufficient credible and reliable evidence in support of his claim to rebut the presumption that the prior conviction was valid; if the defendant meets this burden, then an evidentiary hearing may be warranted at which the burden will be on the Commonwealth to show that the proceedings were conducted in a way that protected the defendant's constitutional rights. [664-665]

A criminal defendant who filed motions under Mass. R. Crim. P. 30 (b) to withdraw his guilty pleas entered in 1976, 1979, 1982, and 1985, in order to challenge an enhanced Federal sentence imposed on him in 1995, did not provide sufficient credible and reliable evidence to support his claims that the guilty pleas may have been entered in violation of his constitutional rights, and a judge did not abuse his discretion in denying the defendant's motions without further inquiry. [665-666]

INDICTMENTS found and returned in the Superior Court Department, three on October 25, 1976, two on June 7, 1979, one on June 9, 1982, and two on May 14, 1985.

After pleas of guilty were tendered and accepted in the Superior Court on November 16, 1976, July 17, 1979, July 29, 1982, and June 26, 1985, respectively, motions for withdrawal of the guilty pleas, filed on September 7, 1995, were considered by *James P. Donohue,* J.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*Sam Silverman* for the defendant.

*Sandra L. Hautanen*, Assistant District Attorney, for the Commonwealth.

*Elizabeth A. Lunt & William B. VanLonkhuyzen* for Massachusetts Association of Criminal Defense Lawyers, amicus curiae, submitted a brief.

GREANEY, J. We transferred this case to this court on our own motion. We consider in this case, and in *Commonwealth* v. *Grant, post* 667 (1998), the standards that should govern a judge's consideration of a defendant's motion to withdraw a guilty plea under Mass. R. Crim. P. 30 (b), 378 Mass. 900 (1979), when the motion is filed in a sentencing enhancement context and no record of the plea exists because the means of creating that record have been destroyed pursuant to court rule. We conclude that a judge in the Superior Court acted properly when he denied four separate motions by the defendant to withdraw his pleas of guilty which had been tendered and accepted between ten and nineteen years before the motions were filed.

Represented by counsel, the defendant entered guilty pleas in the Superior Court in 1976, 1979, 1982, and 1985, to various crimes and was sentenced on his pleas.[1] In 1995, the defendant was convicted in the United States District Court for the District of Massachusetts on Federal narcotics charges and related offenses. When the defendant was sentenced in that court, his record of State convictions was applied for sentence enhancement purposes provided for by Federal law.

On September 7, 1995, shortly after his Federal sentencing, the defendant filed four virtually identical motions, seeking to withdraw his guilty pleas, pursuant to Mass. R. Crim. P. 30 (b),

---

[1]The pleas were as follows:

(1) On November 16, 1976, after having exercised his de novo right to appeal from convictions in the District Court, the defendant entered guilty pleas, and was sentenced, on one charge of disorderly conduct and two charges of assault and battery on a police officer.

(2) On July 17, 1979, the defendant entered guilty pleas, and was sentenced, on charges of assault and battery by means of a dangerous weapon and armed robbery.

(3) On July 29, 1982, the defendant entered a guilty plea, and was sentenced, on a charge of unlawful possession of a controlled substance with intent to distribute.

(4) On June 26, 1985, the defendant entered guilty pleas, and was sentenced, on charges of conspiracy to violate controlled substances laws and unlawful possession of a controlled substance with intent to distribute.

All sentences on these convictions have been served.

alleging, in general terms, that these pleas were invalid because they were made "without knowledge of the consequences of [each] plea and [the] ensuing conviction," and "without adequate inquiry into the willingness and voluntariness of the plea[s]." Each motion, except the one pertaining to the 1985 pleas, was accompanied by an affidavit of the defendant stating, in pertinent part, that he had no recollection of being asked about the consequences of his pleas. The defendant made no effort to reconstruct the record of his 1976, 1979, and 1982 guilty pleas prior to filing his motions.[2] The Commonwealth also did not attempt to reconstruct the plea hearings. A judge in the Superior Court denied the defendant's motions without a hearing.

In connection with this appeal, the Commonwealth filed a motion (which has been allowed) to expand the record to include affidavits from the assistant district attorney arguing the appeal and the assistant district attorney who handled the 1982 plea. The former affidavit (from the Commonwealth's appellate counsel) asserts, in relevant part, that (a) the judges who accepted the defendant's pleas in 1976, 1979, and 1982 are deceased; (b) the tape recordings or transcripts of the defendant's 1976, 1979, and 1982 plea hearings are missing and are believed to have been destroyed pursuant to court rules[3]; (c) there is no evidence identifying the court reporter who was present at the

---

[2]In connection with the 1985 pleas, the defendant acknowledges that a transcript of the plea colloquy exists and concedes that, "[o]n the whole the trial judge's examination of the defendant was completely adequate in satisfying constitutional requirements." He argues, however, that the colloquy "failed to advise [him] of the possibility of the possible consequences of conviction if he were not a citizen, as required under M.G.L. c. 278, § 29D." Because the defendant has provided no evidence that he has, or may in the future, suffer any of the consequences enumerated in G. L. c. 278, § 29D, as a result of his pleas, this argument, as to the validity of the defendant's 1985 pleas, is without merit. See *Commonwealth* v. *Mahadeo*, 397 Mass. 314, 315 n.1 (1986) (judgment will only be vacated, pursuant to G. L. c. 278, § 29D, "[i]f the Court fails to so advise the defendant [that his plea may result in deportation, exclusion from admission to the United States, or denial of naturalization], and he later at any time shows that his plea and conviction may have one of the enumerated consequences . . .").

[3]See G. L. c. 221, § 27A, providing for the disposition of obsolete court papers or records as implemented in S.J.C. Rule 1:12, as appearing in 382 Mass. 717 (1981), allowing for the destruction of stenographic notes made in any court of the Commonwealth after the expiration of six years from the date the notes were taken (except for notes of a transcript which has been ordered and not completed, or notes subject to a court order), and Rule 211 (A) (4) of

defendant's 1976 plea hearing; and (d) the court reporters who recorded the 1979 and 1982 plea hearings are deceased. The affidavit from the trial prosecutor states, with respect to the defendant's 1982 plea, that he cannot remember that plea's particulars, except for the fact that he was familiar with the customary plea practices of the judge who took that plea, which included asking the defendant the questions contained in the standard plea colloquy consistently used by Superior Court judges. The prosecutor also stated in his affidavit that he would have noticed if there were any variances or deficiencies in the plea colloquy afforded the defendant.

2. As a general proposition of constitutional law, a guilty plea may be withdrawn or nullified if it does not appear affirmatively that the defendant entered the plea freely and voluntarily. *Boykin* v. *Alabama*, 395 U.S. 238, 242-243 (1969). See *Brady* v. *United States*, 397 U.S. 742, 748 (1970); *Commonwealth* v. *Foster*, 368 Mass. 100, 106 (1975). Rule 12 (c) (3) of the Massachusetts Rules of Criminal Procedure, 378 Mass. 866 (1979), requires that a defendant be informed on the record of the three constitutional rights which are waived by a guilty plea: the right to trial, the right to confront one's accusers, and the privilege against self-incrimination. See *Boykin* v. *Alabama, supra* at 243; *Commonwealth* v. *Lewis*, 399 Mass. 761, 764 (1987). Moreover, the plea record must demonstrate either that the defendant was advised of the elements of the offense or that he admitted facts constituting the unexplained elements. See *Henderson* v. *Morgan*, 426 U.S. 637, 646 (1976); *Commonwealth* v. *Colantoni*, 396 Mass. 672, 678-679 (1986). Finally, the plea record must demonstrate that the defendant pleaded guilty voluntarily and not in response to threats or undue pressure. See *Commonwealth* v. *Foster, supra* at 107.

The burden is ordinarily on the Commonwealth to show that a challenged guilty plea was understandingly and voluntarily made. *Commonwealth* v. *Duquette*, 386 Mass. 834, 841 (1982), and cases cited. If the contemporaneous record of the plea proceedings is unavailable, "it may be reconstructed through testimony or other suitable proof of what happened in court when the guilty plea was taken." *Commonwealth* v. *Quinones*, 414 Mass. 423, 432 (1993), and cases cited. The defendant

---

the Special Rules of the District Courts (1997), calling for the preservation of tape recordings of any trial, evidentiary hearing, guilty plea, or admission to sufficient facts for at least two and one-half years.

relies on these principles to argue, in a straightforward manner, that, because no record of three sets of his pleas exists (the 1976, 1979, and 1982 pleas), the Commonwealth cannot satisfy its burden, and, as a consequence, his motions to withdraw those pleas must be allowed.[4]

The stated principles are predicated on the assumption that the Commonwealth has within its control the means to produce, or conveniently reconstruct, the record of a plea, which then can be expeditiously consulted to refute or credit the defendant's claims of invalidity. See, e.g., *Commonwealth* v. *Quinones, supra* (stenographic notes of the proceeding at which guilty pleas were accepted had been stolen, but trial judge was able to reconstruct the record based on his memory of the plea colloquy and reliance on his regular practice in the taking of guilty pleas); *Commonwealth* v. *Foster, supra* at 102 (transcript confirmed that judge had made no inquiry as to knowing and voluntary nature of plea); *Commonwealth* v. *Correa*, 43 Mass. App. Ct. 714, 716-717 & n.4 (1997) (transcript of plea colloquy showed no adequate inquiry by judge). These cases represent a situation where an actual record exists, or a record has become unavailable through no fault of the defendant, and the Commonwealth has provided a reconstruction.

A far different situation exists, however, when the defendant leaves his guilty pleas unchallenged for a lengthy period of time, so that the contemporaneous record of the plea is lost (by proper destruction of the stenographer's notes or erasure of the tape recording pursuant to court rules), and means of reconstruction are made impractical or impossible due to the death or retirement of judges and court reporters, the unavailability of witnesses, the inherent weaknesses and failures of recollection, and other factors commonly associated with the passage of time. At this point, the absence of a record, and the inability effectively to reconstruct it, may be directly attributed to the defendant's delay and may be said to be the defendant's fault. In such a case, the defendant's attack on his pleas by means of a rule 30 (b) motion necessarily proceeds on a basis extrinsic to the unavailable contemporaneous record. In assessing such a challenge, a judge is not required to accept the defendant's self-serving affidavit, alleging constitutional defects in conclusory terms, as sufficient to satisfy the defendant's burden, under rule

---

[4]The defendant's motion to withdraw his 1985 pleas fails for the reasons stated in note 2, *supra*.

30 (b), to produce " 'a credible reason [to withdraw the plea] which outweighs the risk of prejudice to the Commonwealth.' " *Commonwealth* v. *Fanelli*, 412 Mass. 497, 504 (1992), quoting *Commonwealth* v. *DeMarco*, 387 Mass. 481, 486 (1982). This principle was aptly described in the recent decision of *Commonwealth* v. *Pingaro*, 44 Mass. App. Ct. 41, 49-50 (1997), in the following terms:

> "A defendant's naked claim that he did not receive a constitutionally adequate guilty plea colloquy does not automatically thrust upon the Commonwealth the burden of proving the existence of a contemporaneous record establishing that the plea was entered knowingly and voluntarily. Rather, the initial burden is on the moving defendant to present some articulable reason which the motion judge deems a credible indicator that the presumptively proper guilty plea proceedings were constitutionally defective, above and beyond a movant's 'credulity straining' contentions regarding 'questions the judge did *not* ask' almost sixteen years earlier, *Commonwealth* v. *Duest*, 30 Mass. App. Ct. 623, 627 (1991) . . . and reliance upon the mere nonexistence of a transcript of the plea proceedings."

Integral to this reasoning is the presumption of regularity and the important policy of finality. Rule 30 (b) motions, like the motions in this case, filed after conviction and sentencing are considered collateral attacks on final decisions. See *Commonwealth* v. *Quinones*, *supra* at 433 n.7; *Commonwealth* v. *Nolan*, 19 Mass. App. Ct. 491, 496 & n.8 (1985). Although rule 30 (b) allows for a new trial "at any time," relief is limited to cases where "it appears that justice may not have been done."[5] *Commonwealth* v. *Fanelli*, *supra* at 504, quoting *Commonwealth* v. *DeMarco*, 387 Mass. 481, 482 (1982). This strict standard for postconviction motions promotes judicial efficiency and finality by discouraging a defendant from entering a guilty plea "to test the weight of potential punishment," *Commonwealth* v. *De-*

---

[5]This standard is similar to that imposed by Federal law under which a defendant who wishes to withdraw a guilty plea after sentence "must show that the plea proceedings were marred by 'a fundamental defect which inherently results in a complete miscarriage of justice' or 'an omission inconsistent with the rudimentary demands of fair procedure.' " *United States* v. *Ferguson*, 60 F.3d 1, 2 (1st Cir. 1995), quoting advisory committee's note to 1983 amendments to Fed. R. Crim. P. 32 (d) (now Fed. R. Crim. P. 32 [e]).

*Marco, supra* at 485, quoting *Kadwell* v. *United States*, 315 F.2d 667, 670 (9th Cir. 1963), only to seek to withdraw the plea later when adverse consequences appear, especially consequences not even contemplated at the time of the plea. It is also an axiom of rule 30 (b) practice, as has been alluded to, that the judge may decide a rule 30 (b) motion based solely on affidavits; may discredit untrustworthy affidavits; and need only proceed to evidentiary hearing "where a substantial issue is raised [by the motion or affidavits] and is supported by a substantial evidentiary showing." *Commonwealth* v. *Stewart*, 383 Mass. 253, 260 (1981). See Mass. R. Crim. P. 30 (c) (3), 378 Mass. 900 (1979). By means of these restrictions, expenditure of limited public resources is reserved only for a case that truly warrants revisitation of a final criminal judgment in the interests of justice. See *Commonwealth* v. *Amirault*, 424 Mass. 618, 645-647 (1997). Thus, it is neither unreasonable, nor unduly burdensome, to require the defendant to provide sufficient credible and reliable factual evidence in support of a rule 30 (b) motion to meet the standards prescribed by the rule itself.

This requirement is particularly applicable when the challenge to a prior conviction arises in the sentencing enhancement context. Collateral attacks on convictions resulting from guilty pleas are becoming more commonplace in cases where a defendant seeks to question his plea colloquy only after becoming aware, usually several years after the fact, of the collateral consequence of State convictions to possible sentence enhancement under Federal law. See *Commonwealth* v. *Pingaro, supra* at 50-51 n.13; *United States* v. *Payne*, 894 F. Supp. 534, 537 n.7 (D. Mass. 1995) ("convictions initially reached in the courts of the Commonwealth . . . are increasingly coming under intense scrutiny in the last ditch attempt [by defendants] to avoid the imposition of [enhanced Federal sentences]"). A defendant's dilatoriness in not directly challenging his plea will often suggest that, when the plea was made, the defendant was satisfied with his arrangement; had been counselled as to its particulars; and could be lawfully deemed to have accepted what were the unforeseeable, but possible, consequences.

It is therefore not remarkable that the United States Supreme Court, dealing with this specific problem, has concluded that a Kentucky statute, which afforded a presumption of regularity to a previous conviction challenged by a defendant in the context

of a State persistent felony offender proceeding, did not offend due process. *Parke* v. *Raley*, 506 U.S. 20 (1992). Distinguishing this type of case from what is at issue in the usual *Boykin* challenge, the Court stated:

> "*Boykin* involved direct review of a conviction allegedly based upon an uninformed guilty plea. Respondent, however, never appealed his earlier convictions. They became final years ago, and he now seeks to revisit the question of their validity in a separate recidivism proceeding. To import *Boykin's* presumption of invalidity into this very different context would, in our view, improperly ignore another presumption deeply rooted in our jurisprudence: the 'presumption of regularity' that attaches to final judgments, even when the question is waiver of constitutional rights."

*Id.* at 29. The Court went on to approve reliance by State courts on the presumption of regularity (in the circumstance of a nonexistent record) to reject challenges to long-closed convictions arrived at by pleas, stating that "it defies logic to presume from the mere unavailability of a transcript (assuming no allegation that the unavailability is due to governmental misconduct) that the defendant was not advised of his rights." *Id.* at 30.

This court, and the Appeals Court, have alluded to *Parke* v. *Raley* in considering after the fact challenges by defendants to their guilty pleas. See, e.g., *Commonwealth* v. *Quinones, supra* at 433 n.7; *Commonwealth* v. *Pingaro, supra* at 50-51 n.13; *Commonwealth* v. *Gonzales*, 43 Mass. App. Ct. 926 (1997). Many other States have specifically relied on the *Parke* decision to reject collateral challenges to long-closed convictions by plea where sentencing enhancement is involved.[6] We conclude that a collateral challenge, like the defendant's, to a prior conviction

---

[6]See *People* v. *Padilla*, 907 P.2d 601, 607 (Colo. 1995); *State* v. *Beloit*, 123 Idaho 36, 37 (1992); *Lingler* v. *State*, 644 N.E.2d 131, 132 (Ind. 1994); *State* v. *Patterson*, 262 Kan. 481, 487 (1997); *State* v. *Shelton*, 621 So. 2d 769, 779-780 (La. 1993); *People* v. *Carpentier*, 446 Mich. 19, 37 (1994); *State* v. *Perry*, 938 P.2d 1325, 1327 (Mont. 1997); *State* v. *White*, 244 Neb. 577, 593 (1993); *People* v. *Polanco*, 192 A.D.2d 393, 394 (N.Y. 1993); *State* v. *Stafford*, 114 N.C. App. 101, 104 (1994); *Lykken* v. *Class*, 561 N.W.2d 302, 304 (S.D. 1997); *Blankenship* v. *State*, 858 S.W.2d 897, 902-903 n.5 (Tenn. 1993); *Tatum* v. *State*, 846 S.W.2d 324, 327 n.5 (Tex. Crim. App. 1993); *Bruner* v.

by guilty plea, if the challenge is to advance at all, must be accompanied by sufficient credible and reliable evidence to rebut a presumption that the prior conviction was valid. If a defendant meets this burden, then an evidentiary hearing may be warranted at which the burden will be on the Commonwealth to show that the defendant's plea proceedings were conducted in a way that protected his constitutional rights.

. 3. The defendant here has not met his burden. The defendant filed his rule 30 (b) motions for the purpose of challenging the enhanced Federal sentence imposed on him in 1995.[7] The facts of his 1976, 1979, 1982, and 1985 convictions have been established by the dockets in each case. The 1985 convictions are separately validated by means of a contemporaneous record. See note 2, *supra.* The sole support for the defendant's rule 30 (b) motions are his own affidavits, the relevant statements of which indicate principally that the defendant does not recall being asked any questions by the judge about his understanding of the consequences of his guilty pleas. The defendant's allegations, that he has no recollection of the plea proceedings, are not surprising in view of the length of time that has passed, and the assertions provide no support for his motions. "[A] want of recollection of a fact . . . cannot be a reasonable ground for granting a new trial," for it "may always be pretended, and may be hard to be disproved." *Commonwealth* v. *Duest,* 30 Mass. App. Ct. 623, 628 (1991), quoting *Bond* v. *Cutler,* 7 Mass. 205, 207 (1810). Although supporting affidavits from the attorneys who represented the defendant at the plea proceedings could have strengthened his allegations, no such affidavits were filed with the motion, despite the fact that three of these attorneys are still practicing law in Massachusetts and one is currently a District Court judge. Compare *Commonwealth* v. *Chatman,* 10 Mass. App. Ct. 228, 231 (1980) (defendant's unexplained failure to produce trial counsel at reconstruction

---

*Carver,* 920 P.2d 1153, 1155 (Utah 1996); *James* v. *Commonwealth,* 18 Va. App. 746, 751-752 (1994); *State* v. *Porter,* 164 Vt. 515, 519 (1996).

[7]The procedure for challenging the use of State convictions in enhanced Federal sentencing was set out in *Custis* v. *United States,* 511 U.S. 485 (1994), where the United States Supreme Court held that, with the exception of claims that a prior conviction was obtained in violation of the defendant's right to counsel, a defendant must first attack his State convictions in State courts or by Federal habeas review, and then, if successful, may "apply for reopening of any federal sentence enhanced by the state sentences." *Id.* at 497.

hearing indicated to the court that defendant's motion had no substance). The defendant has provided no adequate basis to indicate that his guilty pleas may have been entered in violation of his constitutional rights.

3. Based on the total lack of any credible or reliable evidence to support the defendant's claims, the judge did not abuse his discretion in denying the defendant's motions under Mass. R. Crim. P. 30 (b) without further inquiry. The orders denying the defendant's motions for withdrawal of his guilty pleas are affirmed.

*So ordered.*