COMMONWEALTH *vs.* ANGEL CARTAGENA. November 12, 2013. *Practice, Criminal,* Plea. *Constitutional Law,* Plea.

More than a decade after accepting the defendant's guilty pleas on two criminal complaints, the same judge allowed the defendant's motion to withdraw his pleas. The Appeals Court reversed. *Commonwealth v. Cartagena,* 82 Mass. App. Ct. 1118 (2012). We granted the defendant's application for further appellate review. *Commonwealth v. Cartagena,* 464 Mass. 1102 (2013). We now vacate the judge's order and remand for further proceedings.

*Background.* In a complaint filed in the Central Division of the Boston Municipal Court Department in 1995, the defendant was charged with various offenses, including uttering a false instrument, larceny, and receiving stolen property; a separate complaint filed in 1996 also charged the defendant with larceny and uttering a false instrument. In 1996, a judge of the Boston Municipal Court accepted the defendant's guilty pleas to the charges. Approximately fifteen years later, the defendant filed a motion to withdraw his guilty pleas on the ground that the plea judge did not "conduct a sufficient colloquy regarding his rights to a trial by a jury or by a judge." An audio recording of the plea proceeding no longer exists. See Rule 15 of the Special Rules of the Boston Municipal Court Department Sitting for Criminal Business (Lexis-Nexis 2012-2013) (referencing Rule 308 of the Special Rules of the Boston Municipal Court Department Sitting for Civil Business).[1] The defendant's motion was accompanied by his own affidavit, but not by an affidavit from plea counsel nor by affidavits from other attorneys who practiced before the plea judge during the relevant period. At a hearing on the motion, the judge stated that he had no memory of the particular colloquy in this case, but declined to

---

[1]Although there is no direct reference to a plea colloquy, the record contains contemporaneous waivers of the right to be tried by a jury and waivers of the right to discovery, as well as certifications of defense counsel.

apply a presumption of regularity to the proceeding because he lacked confidence that his plea colloquy had been adequate.[2]

*Discussion.* "A judge should . . . not accept a plea unless satisfied that the plea is voluntary and that the defendant understands the nature of the charges." *Commonwealth* v. *Quinones,* 414 Mass. 423, 431 (1993). When a guilty plea is challenged, it is ordinarily the Commonwealth's burden to demonstrate that a plea was knowingly and voluntarily made. *Commonwealth* v. *Lopez,* 426 Mass. 657, 660 (1998), citing *Commonwealth* v. *Duquette,* 386 Mass. 834, 841 (1982). But where, as here, a contemporaneous record of the plea proceedings no longer exists due to the passage of time, and it is impossible or impractical to reconstruct the record, *Commonwealth v. Lopez, supra* at 661, the defendant is required to "present some articulable reason which the motion judge deems a credible indicator that the presumptively proper guilty plea proceedings were constitutionally defective." *Id.* at 662, quoting *Commonwealth* v. *Pingaro,* 44 Mass. App. Ct. 41, 50 (1997). Here, although the defendant provided little in this regard, the judge purported to fill the gap with his own recollection of his colloquy practice at or about the time he accepted the pleas in this case. Just as a judge's "customary practice in taking guilty pleas" may be used to reconstruct a record of the proceedings, *Commonwealth* v. *Quinones, supra* at 432, the judge's recollection in this case that his customary practice during the relevant period regarding plea colloquies was not regular or consistent with applicable law should be considered some indication that the proceedings may have been flawed.

The judge's stated recollection does not end the inquiry, however, because his findings were not sufficiently specific to dispel the presumption of regularity. As it now stands, the record is inadequate to determine whether a new trial is required. In his written findings, the plea judge stated, "Based on appellate

―――――――――

[2]During the hearing, the plea judge stated, "I have no memory of this particular set of events at all. . . . I'm quite confident that before 1994, the colloquies that I gave at the bench trial session were deficient and did not include some of the required conversations with the defendant. After this time I changed my colloquies, but . . . somewhere between '96 and '98 or something, I was reversed on a case involving a jury waiver because my colloquy was insufficient . . . ."

The judge also stated, "I would say that the risk that I did not perform an appropriate, complete colloquy is substantial in this case. . . . I would not presume that my colloquy, based on what has happened over the years, including one or two cases way back when I was reversed regarding jury trial waivers . . . which is different from this case, I would not presume that my colloquy was sufficient. That's the bottom line. I don't have any memory of it, but I don't have enough confidence to presume that my colloquy was sufficient in terms of covering these rights, particularly since there's no entry on the record that a colloquy was given."

Finally, the judge cautioned, "My confidence . . . that I did it appropriately is not high, and I would not personally presume that it was done, and that's got to count for something because I'm the one that . . . took the tender. . . . I pay attention to what comes from the Appeals Court and the SJC, both directed at me and more generally in the cases that come down. I pay a lot of attention to the case law that requires different things to happen and, but back then, in that era back from '94 through 2000, there were — there were quite a few cases about colloquies. There was a lot of instruction coming out of the appellate courts. And so I don't have much confidence that my colloquy was sufficient. . . . I'm not willing to presume. I, as the judge that took this tender, am not willing to presume that I did what I was required to do."

decisions in other cases over which I presided concerning jury waiver colloquies and my subsequent review of other cases from this time period I am unable to conclude or presume by a preponderance of the evidence that I conducted a colloquy that met the requirements of the law." His recollection of specific events occurring a decade or more earlier may or may not be accurate — not only did he not identify the case or cases to which he referred, but the most specific references are to waivers of the right to trial by jury, not to plea colloquies at all. To enable the parties fairly to litigate the regularity of the proceedings, the judge must make specific written factual findings concerning his customary plea colloquy practice during the relevant time, what particular aspects of those colloquies he believed to be constitutionally deficient, and the case or cases to which he referred. The parties then must be afforded an opportunity to respond in writing.

If, after further hearing, and based on specific factual findings, the judge is persuaded that the presumption of regularity attendant to distant plea proceedings has been rebutted, it will be the Commonwealth's burden "to show that the defendant's plea proceedings were conducted in a way that protected his constitutional rights." *Commonwealth* v. *Lopez, supra* at 665.

*Conclusion.* The plea judge's decision rested on his belief, based on a somewhat vague recollection, that certain unspecified plea colloquies he conducted over a period of years may have been inadequate. While this is insufficient, by itself, to dispel the presumption of regularity or to support the withdrawal of the pleas, it is some indication that further inquiry is warranted. On remand, if a specific case or cases during the relevant time period are identified in which the judge's colloquy was found to be deficient on appeal, or if the judge articulates with greater certainty the specific areas in which his plea colloquies were deficient, then he may be able to make the type of findings necessary to rebut the presumption of regularity. Otherwise, the presumption of regularity would apply and be controlling.

Accordingly, we vacate the order allowing the motion for a new trial and remand for further proceedings consistent with this opinion.

*So ordered.*

*Zachary Hillman*, Assistant District Attorney (*Christopher N. Henry*, Assistant District Attorney, with him) for the Commonwealth.

*Rebecca A. Jacobstein* for the defendant.