The defendant appeals from the denial of his second motion for new trial based on his assertion that there was newly discovered evidence and on a claim of ineffective assistance of counsel. We affirm.
The defendant was convicted, after a jury trial, of breaking and entering a building in the daytime with intent to commit a felony, G. L. c. 266, § 18, and larceny from a building, G. L. c. 266, § 20. In a consolidated appeal from his convictions and from the order denying his first motion for new trial, we affirmed the judgments and the order denying the motion for new trial. Commonwealth v. Stacy, 87 Mass. App. Ct. 1129 (2015). The current appeal springs from the order denying, without an evidentiary hearing, the defendant's second motion for new trial, which was factually supported only by the defendant's own affidavit.
The defendant argues that the judge abused his discretion because newly discovered evidence merits a new trial. He bases this argument on his allegation that, after he was released from jail, Mary Briggs told him that she had planted the stolen items in the white van (rather than finding them there), and that she had lied to police when she told them that the white van belonged to the defendant. Further, the defendant alleges that Briggs lied to police because she was angry at him for dating other women. "A defendant seeking a new trial on the ground of newly discovered evidence must establish both that the evidence is newly discovered and that it casts real doubt on the justice of the conviction." Commonwealth v. Grace, 397 Mass. 303, 305 (1986). We review to determine whether the judge made a significant error of law or abused his discretion in ruling on the motion.[2] See ibr.US_Case_Law.Schema.Case_Body:v1">id. at 307. The abuse of discretion standard is not altered when, as here, the newly discovered evidence is an alleged recantation by a material witness. See Commonwealth v. Waters, 410 Mass. 224, 231 (1991).
We see no error in the judge's denial of the motion. The judge was not required to credit the allegations in the defendant's affidavit, but instead may consider them "in light of factors pertinent to credibility, including bias, self-interest, and delay." Commonwealth v. Buckman, 461 Mass. 24, 43 (2011). In this case, the defendant's affidavit was not only self-serving, see Commonwealth v. Lopez, 426 Mass. 657, 661 (1998) (judge not required to credit self-serving affidavit), it was uncorroborated by an affidavit from Briggs. A supposed recantation presented, as here, only via the defendant who serves to benefit from it does not, on its face, require a new trial. Moreover, the defendant does not contend that he was unaware of Briggs or unable to explore her version of events before trial; indeed the record reflects the opposite. See Grace, 397 Mass. at 306 (newly discovered evidence must "have been unknown to the defendant or his counsel and not reasonably discoverable by them at the time of trial [or at the time of the presentation of an earlier motion for a new trial]"). Further, the fact that Briggs was not available to testify at trial because of her invocation of the Fifth Amendment to the United States Constitution makes no difference for this purpose. See Commonwealth v. Evans, 439 Mass. 184, 203 (2003).
The defendant also argues that trial counsel failed to argue that Briggs waived her right to invoke her Fifth Amendment privilege not to testify. This argument is made without citation to the record or to legal authority and, therefore, does not rise to the level of appellate argument. See Mass. R. A. P. 16 (a) (4), as amended, 367 Mass. 921 (1975).
For these reasons, we affirm the order denying the defendant's second motion for new trial.
So ordered.
Affirmed.

The motion was denied without holding an evidentiary hearing. The judge was entitled to rule on the motion "on the basis of the facts alleged in the affidavits without further hearing if no substantial issue is raised by the motion or affidavits." Mass. R. Crim. P. 30 (c) (3), as appearing in 435 Mass. 1501 (2001). "Assessment of whether the motion and supporting materials suffice to raise a 'substantial issue' involves consideration of the seriousness of the issue itself and the adequacy of the showing that has been made with respect to that issue." Commonwealth v. Goodreau, 442 Mass. 341, 348 (2004).