NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-88

COMMONWEALTH

vs.

ALAN J. MOSHER.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

This appeal arises from an order entered in the District Court denying the defendant's motion for release under Mass. R. Crim. P. 30 (a), as appearing in 435 Mass. 1501 (2001), seeking to stay or to vacate his sentence for assault and battery on a household member in light of the threat to his health posed by incarceration during the COVID-19 pandemic. After a hearing, the motion judge issued a memorandum and order denying the defendant's motion, concluding that the defendant's sentence did not violate the Eighth Amendment to the United States Constitution or art. 26 of the Massachusetts Declaration of Rights, and that, regardless, the motion judge did not have the authority to grant the relief sought. On appeal, the defendant argues that he is entitled to relief because (1) the motion judge did have the authority to order his release under Mass. R.

Crim. P. 30 (a), and (2) his sentence was cruel and unusual.[1]  We affirm.

Discussion.  1.  Relief under rule 30 (a).  The defendant first argues that the motion judge had the authority to order his release under rule 30 (a), which provides:

> "Any person who is imprisoned or whose liberty is restrained pursuant to a criminal conviction may at any time, as of right, file a written motion requesting the trial judge to release him or her or to correct the sentence then being served upon the ground that the confinement or restraint was imposed in violation of the Constitution or laws of the United States or of the Commonwealth of Massachusetts" (emphasis added).

"We review the judge's denial of a rule 30 (a) motion for abuse of discretion or error of law."  Commonwealth v. Sharma, 488 Mass. 85, 89 (2021).

The defendant has not argued that his sentence was imposed illegally, but, rather, that the newly emergent, fact-specific conditions of his confinement render that confinement unconstitutional.  Assuming without deciding that the defendant's constitutional argument has merit, the proper vehicle for such a claim would be an original action asserting that claim.[2]  See Committee for Pub. Counsel Servs. v. Chief

---

[1] The defendant's rule 30 (a) motion was denied on April 7, 2020, and the defendant filed an appeal from that order on the same day.  The defendant further filed a motion for a stay of execution pending appeal on the following day.  The judge granted that latter motion on April 15.

[2] Barring such a claim, judges have limited authority to release inmates serving custodial sentences due to the threats posed by

2

Justice of the Trial Court (No. 2), 484 Mass. 1029, 1031 n.4 (2020) (CPCS II) ("[an original action] is the proper vehicle by which to seek injunctive relief").  See also, e.g., Foster v. Commissioner of Correction (No. 1), 484 Mass. 698 (2020). Motions under rule 30 (a) are reserved for circumstances in which the sentence was illegal at the time it was imposed.  See Commonwealth v. Costa, 472 Mass. 139, 143 (2015) (permitting rule 30 (a) motion because of retroactive effect).  As such, there was no error.

2.  Constitutional claim.  Irrespective of the suitability of the defendant's motion, we exercise our discretion to review his claim of constitutional error.  The Eighth Amendment and art. 26 "require the Commonwealth to furnish conditions of confinement that do not create an unreasonable risk of future harm to inmate health and safety . . . ."  Committee for Pub. Counsel Servs. v. Chief Justice of the Trial Court, 484 Mass.

---

COVID-19.  As the Supreme Judicial Court explained in Committee for Pub. Counsel Servs. v. Chief Justice of the Trial Court, 484 Mass. 431, 450 (2020) (CPCS I):

"Our broad power of superintendence over the courts does not grant us the authority to authorize courts to revise or revoke defendants' custodial sentences, to stay the execution of sentence, or to order their temporary release unless a defendant (1) has moved under Mass. R. Crim. P. 29, within sixty days after imposition of sentence or the issuance of a decision on all pending appeals, to revise or revoke his or her sentence, (2) has appealed the conviction or sentence and the appeal remains pending, or (3) has moved for a new trial under Mass. R. Crim. P. 30."

3

431, 441 (2020) (CPCS I). "To reach the level of cruel [or] unusual, [a] punishment must be so disproportionate to the crime that it 'shocks the conscience and offends fundamental notions of human dignity.'" Diatchenko v. District Attorney for the Suffolk Dist., 466 Mass. 655, 669 (2013), S.C., 471 Mass. 12 (2015), quoting Cepulonis v. Commonwealth, 384 Mass. 495, 497 (1981).

The defendant asserts that his continued incarceration in light of COVID-19 constitutes cruel and unusual punishment under the Eighth Amendment or art. 26. We are not persuaded. As the motion judge noted in his memorandum and order, the defendant's claim of increased medical risk was "not supported by medical records or an affidavit or report from his medical provider." The motion judge was not required to credit the defendant's self-serving claim of medical ailment. See Commonwealth v. Leng, 463 Mass. 779, 787 (2012). See also Commonwealth v. Wheeler, 52 Mass. App. Ct. 631, 637 (2001). The motion judge was also not required to credit the representations contained in the other affidavits offered by the defendant,[3] including that twenty percent of high-risk individuals who had contracted COVID-19 in China had died and that Chinese patients with

---

[3] The defendant submitted affidavits from his counsel, two epidemiologists, and three medical doctors, in addition to a letter from a third epidemiologist.

cardiovascular disease experienced a ten and one-half percent fatality rate. See Commonwealth v. Lopez, 426 Mass. 657, 663 (1998). In his brief before this court, the defendant criticizes the Commonwealth for failing to provide evidence showing that he is no more at risk in prison than among the general population. However, as the rule 30 (a) movant, the burden was on the defendant to make a sufficient showing that he is entitled to the relief requested. See Commonwealth v. DiCicco, 470 Mass. 720, 734-735 (2015). See also Lopez, supra at 661-662. Without more, we discern no error. See CPCS I, 484 Mass. at 441.

Order dated April 7, 2020,
  denying motion for release
  affirmed.

By the Court (Henry,
  Desmond & Englander, JJ.[4]),

*Joseph F. Stanton*

Clerk

Entered:  August 24, 2023.

---

[4] The panelists are listed in order of seniority.