NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-871

COMMONWEALTH

vs.

DAVID F. PACKARD.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

On September 15, 2003, the defendant, who was represented by counsel, pleaded guilty to operating a motor vehicle under the influence of alcohol, in violation of G. L. c. 90, § 24 (1) (a) (1). He was sentenced to a period of probation, he was ordered to attend an alcohol education program, and his license was suspended for forty-five days. In addition, the defendant asserts that he lost his commercial driver's license (CDL) as a consequence of the plea. In 2004, the defendant admitted to violating the terms of his probation, and he was sentenced to serve thirty days in the house of correction. Approximately eighteen years later, in 2022, the defendant moved to vacate his guilty plea, seeking a new trial. It is the denial of that motion that is before us now.

The defendant moved to vacate his plea on two grounds. First, he argued that he was not advised of his right to a jury or of his right to confront witnesses. Second, he argued that he was not advised by plea counsel that his plea would affect his CDL, and therefore did not receive effective assistance of counsel. These two arguments were based on the factual assertions contained in the defendant's affidavit. Notably, the defendant did not supply a transcript of the plea colloquy or the "tender of plea or admission waiver of rights" form (green sheet) that he, defense counsel, and the judge signed at the time of the plea.

On appeal, the defendant argues that the judge abused his discretion by denying his motion to vacate plea, essentially repeating the arguments he pressed below. "A motion to withdraw a guilty plea is treated as a motion for a new trial [pursuant to] Mass. R. Crim. P. 30 (b), as appearing in 435 Mass. 1501 (2001)." Commonwealth v. Furr, 454 Mass. 101, 106 (2009). "When, as here, the motion judge did not preside [at the plea hearing], . . . we regard ourselves in as good a position as the motion judge to assess the [plea] record." Commonwealth v. Petetabella, 459 Mass. 177, 181 (2011), quoting Commonwealth v. Grace, 397 Mass. 303, 307 (1986).

As an initial matter, we note that the presumption of regularity applies; the transcript of the defendant's plea

2

hearing is apparently unavailable given the passage of time,[1] and the unexplained delay in bringing the appeal is directly attributable to the defendant.  See Commonwealth v. Cartagena, 466 Mass. 1021, 1022 (2013); Commonwealth v. Lopez, 426 Mass. 657, 661-662 (1998).  In these circumstances, "if the challenge is to advance at all, [it] must be accompanied by sufficient credible and reliable evidence to rebut a presumption that the prior conviction was valid."  Lopez, supra at 665.  Overcoming the presumption requires proof "above and beyond . . . reliance upon the mere nonexistence of a transcript of the plea proceedings."  Commonwealth v. Pingaro, 44 Mass. App. Ct. 41, 50 (1997).

The judge did not abuse his discretion in concluding that the defendant failed to meet that burden here.  To begin with, the defendant does not deny that he signed the following acknowledgement of waiver of rights at the time of the plea:

> "I, the undersigned defendant, understand and acknowledge that I am voluntarily giving up the right to be tried by a jury or a judge without a jury on these charges.
>
> I have discussed my constitutional and other rights with my attorney.  I understand that the jury would consist of six jurors chosen at random from the community, and that I could participate in selecting those jurors, who would determine unanimously whether I was guilty or not guilty. I understand that by entering my plea of guilty or admission, I will also be giving up my right to confront, cross-examine, and compel attendance of witnesses . . . ."

---

[1] The defendant states that the transcript is unavailable, an assertion we accept for purposes of this appeal.

Nor does the defendant challenge plea counsel's attestation (also contained in the green sheet) that he explained "the defendant's waiver of jury trial and other rights so as to enable the defendant to tender his [] plea of guilty or admission knowingly, intelligently and voluntarily."  Likewise, the green sheet contained a signed certification by the plea judge that the defendant was advised of his rights during the plea colloquy, and knowingly and voluntarily waived them.  Moreover, the defendant offers no explanation for the inconsistencies between the assertions in his 2022 affidavit and those in the green sheet executed contemporaneously with the plea.  The failure to explain those discrepancies, combined with the natural inference to be drawn from the fact that the defendant waited many years before seeking to withdraw his plea even though he had long known about the plea's consequences for his CDL, certainly undercut the credibility of the defendant's affidavit.  In short, we see no error in the judge's conclusion that the defendant failed to overcome the presumption of regularity.  Cf. Commonwealth v. Tokarev, 87 Mass. App. Ct. 819, 821-822 (2015).

What remains is the defendant's argument that plea counsel was ineffective for failing to advise him that the plea would affect his CDL.  But, except for the obligation to advise about

4

potential immigration consequences, there is no general duty to advise a client of all possible collateral consequences flowing from a plea.  See Commonwealth v. Henry, 488 Mass. 484, 497 (2021).  As a result, even accepting the defendant's assertion that plea counsel did not advise him that the plea would affect his CDL, he failed to establish that counsel's performance fell "measurably below that which might be expected from an ordinarily fallible lawyer" and "likely deprived the defendant of an otherwise available, substantial ground of defence." Commonwealth v. Saferian, 366 Mass. 89, 96 (1974).

<div style="margin-left:50%">

Order dated July 15, 2022, denying motion to vacate guilty plea affirmed.

By the Court (Wolohojian, Neyman & Shin, JJ.[2]),

Assistant Clerk

</div>

Entered:  January 8, 2024.

---

[2] The panelists are listed in order of seniority.