NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-1247

COMMONWEALTH

vs.

CHARLES LONGE.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

In 1983, the defendant was found guilty of assault and battery with a dangerous weapon in the Brockton Division of the District Court Department.  On April 6, 2023, nearly forty years later, the defendant filed a motion to withdraw his guilty plea and for a new trial.[1]  By this appeal, the defendant challenges the judge's decision not to hold an evidentiary hearing before denying both that motion and a motion to reconsider.[2]  We affirm.

_____

[1] In the defendant's affidavit in support of the motion, he states that he believed that he admitted sufficient facts to the charge but not that he pleaded guilty.

[2] Although not raised by the parties, the defendant's appeal from the order denying his motion to withdraw his guilty plea was not timely filed because he did not file a notice of appeal or motion to reconsider within thirty days.  See Mass. R. A. P. 4 (b) (1), as appearing in 481 Mass. 1606 (2019).  See also

In support of his motion for a new trial, the defendant filed an affidavit claiming that (1) he admitted to sufficient facts because he thought he "would receive a continuance without a finding" and the charge would be dismissed on the successful completion of his probationary term; (2) he does "not recall being informed of the elements of the crime [he] was being charged with," nor that his "permanent record would reflect a felony conviction"; and (3) his plea "was not made knowingly, intelligently or voluntarily." There is no affidavit from his plea counsel. The trial court's recording of the defendant's plea hearing does not exist. The judge denied the motion without a hearing, ruling that the "[d]efendant has not overcome the presumption of regularity," citing Commonwealth v. Lopez, 426 Mass. 657 (1998).

The defendant then moved for reconsideration, offering the affidavit of a disinterested attorney with fifty years of experience who had "witnessed the evolution of plea colloquies in the district and superior courts of the Commonwealth." The attorney averred that he had represented clients in Brockton District Court during the 1980s, and although he "cannot speak

_____

Mass. R. A. P. 4 (b) (3), as appearing in 489 Mass. 1601 (2022). Nonetheless, the appeal from the order denying the motion to reconsider is properly before us. In the interests of judicial economy, we exercise our discretion to address the substance of the parties' arguments as they are fully briefed. Cf. Commonwealth v. Montanez, 410 Mass. 290, 294 (1991).

2

specifically to this case, . . . plea colloquies were often times more relaxed during that period of time."  Citing the substantial delay in the defendant's challenge to the plea, the judge denied the motion for reconsideration, again without a hearing.

"The issue on appeal is whether the motion judge abused his considerable discretion when, without first conducting an evidentiary hearing, he denied the defendant's motion for a new trial."  Commonwealth v. Goodreau, 442 Mass. 341, 341 (2004). "To sustain an appellate claim that a judge committed an abuse of discretion, it must be demonstrated that 'no conscientious judge, acting intelligently, could honestly have taken the view expressed by him.'"  Id. at 348, quoting Commonwealth v. Ira I., 439 Mass. 805, 809 (2003).

"A postsentence motion to withdraw a plea is treated as a motion for a new trial."  Commonwealth v. Berrios, 447 Mass. 701, 708 (2006), cert. denied, 550 U.S. 907 (2007), quoting Commonwealth v. Conaghan, 433 Mass. 105, 106 (2000).  A motion for a new trial may be granted "if it appears that justice may not have been done."  Mass. R. Crim. P. 30 (b), as appearing in 435 Mass. 1501 (2001).  "The judge may rule on the issue or issues presented by such motion on the basis of the facts alleged in the affidavits without further hearing if no substantial issue is raised by the motion or affidavits."

Mass. R. Crim. P. 30 (c) (3), as appearing in 435 Mass. 1501 (2001). "Although the motions and supporting materials filed by a defendant need not prove the issue raised therein, they must at least contain sufficient credible information to cast doubt on the issue." Commonwealth v. Denis, 442 Mass. 617, 629 (2004). "A judge may also consider whether holding a hearing will add anything to the information that has been presented in the motion and affidavits." Goodreau, 442 Mass. at 348.

"A defendant's self-serving affidavits and assertions are not sufficient, on their own, to raise a substantial issue" (quotation omitted). Denis, 442 Mass. at 633. See Goodreau, 442 Mass. at 354. The only other evidence before the court was in the attorney affidavit -- a brief, general statement about practices over the course of a decade, with no evidence specific to the defendant, the judge before whom he tendered his plea, or the case. We discern no error in the judge's conclusion that an evidentiary hearing was not required. See Goodreau, supra at 348-355. Contrast Commonwealth v. Colon, 439 Mass. 519, 525-526 (2003) (presumption of regularity rebutted where defendant submitted six randomly selected recordings of inadequate plea colloquies from years at issue, disinterested affidavits addressed plea judge's practice of holding deficient plea colloquies, and recording of defendant's plea colloquy consistent with other recordings and affidavits).

4

<u>Order denying motion to reconsider affirmed</u>.

By the Court (Meade, Hershfang & Toone, JJ.[3]),

Clerk

Entered:  October 21, 2024.

---

[3] The panelists are listed in order of seniority.