NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

25-P-640

COMMONWEALTH

vs.

MATTHEW X. PEARLE.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant, Matthew Pearle, was charged with assault and battery by means of a dangerous weapon (ABDW) in 1980.  The complaint was amended to charge simple assault and battery, a guilty finding was entered, and the defendant was assessed fines totaling $125.  The defendant claims, contrary to the trial court's docket entries, that he did not plead guilty and that the case was dismissed, a discrepancy he discovered when preparing to apply for a firearms license in 2024.  Contending that the guilty finding was entered in error, the defendant filed a motion under Mass. R. Crim. P. 30 (b), as appearing in 435 Mass. 1501 (2001), to vacate the nearly forty-five year old

guilty plea and for a new trial. A District Court judge denied the motion, and the defendant appeals. We affirm.

Discussion. We review the denial of a motion for a new trial for "a significant error of law or other abuse of discretion." Commonwealth v. Grace, 397 Mass. 303, 307 (1986). Under this standard, we ask whether "the judge made a clear error of judgment in weighing the factors relevant to the decision . . . such that the decision falls outside the range of reasonable alternatives" (quotation and citation omitted). L.L. v. Commonwealth, 470 Mass. 169, 185 n.27 (2014). "[A] judge may grant a motion for a new trial any time it appears that justice may not have been done. A motion for a new trial is thus committed to the sound discretion of the judge." Commonwealth v. Scott, 467 Mass. 336, 344 (2014). Because the passage of time threatens the availability of witnesses and evidence, thereby creating a "strong possibility" of unfair prejudice to the Commonwealth, "a judge should only grant a postsentence motion to withdraw a plea if the defendant comes forward with a credible reason which outweighs the risk of prejudice to the Commonwealth" (footnote omitted). Commonwealth v. DeMarco, 387 Mass. 481, 485-486 (1982).

The defendant argues that contemporaneous court records contain no "affirmative showing that the defendant's plea was

2

intelligently and voluntarily made," Commonwealth v. Furr, 454 Mass. 101, 106 (2009), indicating he never pleaded guilty and requiring that the plea be set aside even if he had. Ordinarily, the burden is on the Commonwealth to prove the validity of a challenged guilty plea by producing a contemporaneous record of the plea proceedings -- such as a signed waiver or a transcript of the plea colloquy -- or by reconstructing the record.  See Commonwealth v. Duquette, 386 Mass. 834, 841-842 (1982) (superseded by G. L. c. 278, § 18). However, where "the contemporaneous record of the plea is lost . . . and means of reconstruction are made impractical or impossible" as a result of the defendant's delay in challenging his guilty plea, the lack of evidence as to the validity of the plea "may be directly attributed to the defendant's delay and may be said to be the defendant's fault." Commonwealth v. Lopez, 426 Mass. 657, 661 (1998).  "A defendant's dilatoriness in not directly challenging his plea will often suggest that, when the plea was made, the defendant was satisfied with his arrangement; had been counselled as to its particulars; and could be lawfully deemed to have accepted what were the unforeseeable, but possible, consequences."  Id. at 663.  In such a case, the Commonwealth enjoys a presumption of regularity, and the burden shifts to the defendant to provide

3

"sufficient credible and reliable evidence to rebut a presumption that the prior conviction was valid." Id. at 665. Accordingly, the absence of contemporaneous court records demonstrating the defendant's plea was knowingly and intelligently made does not require granting his motion to vacate the plea.[1]

In an affidavit submitted in support of his motion, the defendant claimed that normal guilty plea procedures were not followed and that after a conversation with the assistant district attorney, the charge was dismissed and he was ordered to pay not a fine, but $125 in "costs." The defendant declined the opportunity to testify at the motion hearing, and he submitted no other evidence to support his claim that the guilty finding was entered in error.

The judge denied the motion, explaining in a brief margin endorsement, "because the court does not credit the defendant's affidavit." We discern no abuse of discretion or need for

---

[1] In one case, Commonwealth v. Szargowicz, 77 Mass. App. Ct. 498, 504 (2010), this court concluded that Lopez did not control, partly because, as here, the defendant claimed that he did not plead guilty. However, unlike in Szargowicz, and as in Lopez, this case does involve a motion to vacate the plea under Mass. R. Crim. P. 30 (b). Further distinguishing Szargowicz, the docket definitively reflects the entry of a guilty finding; there is no "apparent disarray in the official records" requiring further explanation before the presumption of regularity may "operate with its customary force." Szargowicz, supra.

4

further explanation.  In assessing a challenge to a guilty plea in the absence of a robust contemporaneous record, "a judge is not required to accept the defendant's self-serving affidavit, alleging constitutional defects in conclusory terms, as sufficient to satisfy the defendant's burden."  Lopez, 426 Mass. at 661.  "The judge need not believe such affidavits even if they are undisputed."  Furr, 454 Mass. at 106.  The judge could have reasonably concluded from the docket entries that the defendant did in fact plead guilty.  The fact that the complaint was amended from ABDW to simple assault and battery is consistent with ongoing plea negotiations.  The docket entry reflects a guilty finding and uses the word "fine," directly contradicting the defendant's claim that the case was dismissed for costs.

Order dated March 28, 2025,
   denying motion for new
   trial, affirmed.

By the Court (Massing, Hand &
   Allen, JJ.[2]),

Clerk

Entered:  January 15, 2026.

---

[2] The panelists are listed in order of seniority.