Preston C. **KINNEY**, Defendant, Appellant,

v.

**UNITED STATES** of America, Appellee.

No. 7042.

United States Court of Appeals First Circuit.

March 27, 1968.

George R. Desmond, Framingham, Mass., for appellant.

Edward G. Hudon, Asst. U. S. Atty., with whom Lloyd P. LaFountain, U. S. Atty., was on the brief, for appellee.

Before ALDRICH, Chief Judge, McENTEE and COFFIN, Circuit Judges.

ALDRICH, Chief Judge.

This is an appeal from the denial of a rule 32(d) motion to permit the withdrawal of a guilty plea. Briefly, omitting a number of essentially cumulative facts, the defendant was charged with failure to include in his list of assets in his bankruptcy proceedings certain shares of stock. 18 U.S.C. § 152. He retained counsel and pleaded not guilty, but shortly thereafter informed counsel that he would accept his advice and change his plea. At the next court sitting, a month later, the defendant was permitted to plead guilty, but only after a painstaking inquiry by the court at which he recited that his plea was voluntary and was made with full understanding, that there had been no threats or promises, and that he was in fact guilty. Three months later the court imposed a fine of $1500. Eight days afterward defendant moved to withdraw his plea.

Again the court held a hearing, this time taking lengthy testimony. At the

conclusion, on abundant evidence, the court found that defendant had told his lawyer he was not guilty; that his lawyer who has since withdrawn, advised him that it was highly probable that he would be convicted; that the lawyer was able, reputable, and experienced, and that his advice was not unreasonable; that the defendant felt he could not stand trial without incurring considerable expense and embarrassing certain members of his family and a friend; that he hoped he would not be fined, and that if this had happened or the fine had been smaller his motion would not have been made. The court denied the motion.

 On this appeal defendant principally attacks the advice of his then lawyer, and argues that he should not be bound by it, but should be permitted to withdraw his plea on a showing that he was innocent. Passing the fact that defendant had a full month to obtain other counsel if he did not like his original advice, the court's finding that the advice was not unreasonable was based upon an exploration of the available evidence of defendant's guilt sufficient for that purpose. This is the most the defendant was entitled to. See United States v. Hughes, 2 Cir., 1964, 325 F.2d 789, cert. denied 377 U.S. 907, 84 S.Ct. 1167, 12 L.Ed.2d 178. Whatever may be the exceptional situation where it conclusively appears that a defendant is innocent and has been badly advised, cf. United States v. Parrino, 2 Cir., 1954, 212 F.2d 919, cert. denied 348 U.S. 840, 75 S.Ct. 46, 99 L.Ed. 663, when a defendant makes a rational choice and solemnly assures the court that he is guilty, he cannot claim that there was a miscarriage of justice simply because of dissatisfaction with the outcome. E. g., Friedman v. United States, 8 Cir., 1952, 200 F.2d 690, cert. denied 345 U.S. 926, 73 S.Ct. 784, 97 L.Ed. 1357. As we have said before, a party cannot be permitted to try the attitude of the court like a boy sticking his toe in the water and then withdraw if he finds it not to his liking. In re United Shoe Machinery Corp., 1 Cir., 1960, 276 F.2d 77, quoting State ex rel. Shufeldt v. Armijo, 1935, 39 N.M. 502, 506, 50 P.2d 852, 855.

Affirmed.