COMMONWEALTH vs. MICHAEL DeMARCO, JR.

Essex.  March 2, 1982. — October 18, 1982.

Present: HENNESSEY, C.J., ABRAMS, NOLAN, LYNCH, & O'CONNOR, JJ.

*Practice, Criminal,* Plea, Judicial discretion.

A criminal defendant's motion for leave to withdraw a plea of guilty,
presented one week after the plea had been accepted and sentence im-
posed thereon, was governed by Mass. R. Crim. P. 30 (b), and thus it
was error for the judge to allow the motion in the absence of any show-
ing that justice had not been done. [484-487]

INDICTMENT found and returned in the Superior Court
Department on April 13, 1981.

A motion for leave to withdraw a plea of guilty was heard
by *Pierce,* J.

After review was sought in the Appeals Court, the Su-
preme Judicial Court ordered direct appellate review on its
own initiative.

*Lila Heideman,* Assistant District Attorney, for the Com-
monwealth.

*Lawrence J. McGuire* for the defendant.

ABRAMS, J.  The Commonwealth claims that the judge
erred in granting the defendant's motion to withdraw his
plea of guilty one week after the plea was accepted and a
sentence imposed.  We agree.

Once accepted, "[a] plea of guilty differs in purpose and
effect from a mere admission or an extra-judicial confession;
it is itself a conviction. . . .  More is not required; the court
has nothing to do but give judgment and sentence." *Machi-
broda* v. *United States,* 368 U.S. 487, 493 (1962), quoting
*Kercheval* v. *United States,* 274 U.S. 220, 223 (1927).  See
*Durant* v. *United States,* 410 F.2d 689, 691 (1st Cir. 1969).
A postsentence motion to withdraw a plea is a request for
postconviction relief.

Postconviction motions to withdraw pleas are treated as motions for a new trial. See *Commonwealth* v. *Huot,* 380 Mass. 403, 406 (1980); *Commonwealth* v. *Penrose,* 363 Mass. 677, 681 (1973). Under Mass. R. Crim. P. 30 (b), 378 Mass. 900 (1979), a judge may grant the defendant's motion only "if it appears that justice may not have been done." Since the judge did not apply that standard, the judge's order allowing the defendant to withdraw his plea must be reversed.

We summarize the facts. On October 7, 1981, the defendant pleaded guilty to assault with intent to rob and robbery. Pursuant to Mass. R. Crim. P. 12 (c), 378 Mass. 866 (1979), the judge informed the defendant of the consequences of pleading guilty. The judge explained that by pleading guilty the defendant waived his right to trial with or without a jury, his right to confront the witnesses against him, and his privilege against self-incrimination. He also warned the defendant that he was not bound by the prosecutor's sentence recommendation and that he was free to impose the maximum sentence for the offense — life imprisonment. Finally, the judge held a hearing to determine the voluntariness of the defendant's plea and the factual basis for the charge. After concluding that the defendant voluntarily and intelligently entered a plea of guilty, the judge accepted the plea.

The prosecutor recommended that the judge sentence the defendant to the Massachusetts Correctional Institution at Walpole, for a period of six to ten years. Defense counsel argued that a twenty-year sentence at the Massachusetts Correctional Institution at Concord would provide the defendant with the treatment he needed for his drug problems. After examining the defendant's prior criminal record, and long history of drug addiction, the judge sentenced the defendant to not less than five nor more than eight years at Massachusetts Correctional Institution, Walpole. To enable the defendant to see his parents, the judge stayed the execution of this sentence for one week.

On October 14, 1981, the defendant orally moved to withdraw his guilty plea. He did not claim that his plea was involuntary, or that he did not understand the consequences of the plea.[1] He did not claim that the prosecutor broke any promises when he made his sentence recommendation. Nor did he claim that the sentence imposed by the judge was unexpected.[2] Instead, he claimed that the judge should allow him to withdraw his plea because his waist chain had not been removed and the Commonwealth's witnesses had not been present to identify him during the guilty plea.[3]

The judge characterized the reasons offered by the defendant as nonsense.[4] He determined that the defendant had voluntarily entered a plea of guilty and that his sole motive for asking permission to withdraw his plea was his dissatisfaction with the sentence.[5] Nevertheless, the judge

---

[1] A motion to withdraw the plea, made *immediately* following acceptance of plea and imposition of sentence, bears on the voluntariness of the plea and the defendant's understanding of the consequences of the plea. In those circumstances, a judge may conclude that the plea is involuntary or that the defendant did not understand the consequences of the plea and may allow a motion to withdraw the plea.

[2] The judge warned the defendant that he was not bound by the prosecutor's sentence recommendation and that he could impose the maximum penalty for his offense — life imprisonment. In these circumstances, the defendant could not claim that he was unfairly surprised by the severity of his sentence. See *State* v. *Adams*, 342 So. 2d 818 (Fla. 1977); *People* v. *Serr*, 73 Mich. App. 19, 24-25 (1976); *Washington* v. *State*, 545 S.W.2d 461 (Tex. Crim. 1976).

[3] Prior to trial the defendant had filed motions to have the waist chain removed and to have the Commonwealth's witnesses sequestered during the trial. No such motions were filed or made during the hearing on the plea.

[4] The judge said, "Let me make it clear. I listened to everything in [the defendant's] speech and this is all nonsense."

[5] The judge told the defendant, "I think what you're saying now is nonsense. And I think it's all said now because suddenly, sir, it has hit you that the sentence you accepted willingly last week to Walpole is a sentence you do not wish to serve. I think that is what this is all about."

Standing alone, dissatisfaction with a sentence is never a sufficient reason to grant a defendant's postsentence motion to withdraw his plea. See

exercised his discretion and granted the defendant's motion.[6] Since the defendant would be incarcerated pending trial, the judge concluded that it would make no difference if he allowed the defendant to withdraw his plea.[7]

Under Mass. R. Crim. P. 30 (b), the judge should not have granted the defendant's postsentence motion unless it appeared that justice had not been done. By focusing on possible injustice, rule 30 (b) is different from Mass. R. Crim. P. 12 (c) (2) (B), which provides judges with broad discretion to allow a defendant to withdraw his plea before the plea has been accepted and sentence imposed. The judge in this case did not make this distinction.[8]

Setting a separate standard for postconviction motions, the Massachusetts Rules of Criminal Procedure are similar but not identical to the Federal Rules of Criminal Proced-

---

*United States* v. *Prince,* 533 F.2d 205 (5th Cir. 1976); *Pickett* v. *State,* 404 F. Supp. 1157 (W.D. Okla. 1975); *United States* v. *Cravatas,* 330 F. Supp. 91 (D. Conn. 1971). "Well established is the rule that the People will be held strictly to the terms of a plea bargain made with a criminally accused. . . . It seems reasonable and just, at least where no public policy, or statutory or decisional or constitutional principle otherwise directs, that the accused also be held to his agreement." *In re Troglin,* 51 Cal. App. 3d 434, 438 (1975).

A defendant who is dissatisfied with his sentence may file a motion to revise or revoke his sentence (see Mass. R. Crim. P. 29, 378 Mass. 899 [1979]), or, in the case of sentences to the State prison, may appeal his sentence to the Appellate Division of the Superior Court. G. L. c. 278, §§ 28A, 28B.

[6] The judge acknowledged that he was exercising his discretion. Thus, he said, "Let me tell you something [the defendant] has no right to what I'm prepared to give him. So nobody else sitting in my position has to do what I'm doing."

[7] The judge said, "What difference does it make? I'm going to remand [the defendant] to jail. I'm going to let him have his trial. So while I can't try this case, he's going to stay right where he is until this case comes around for trial. If he wants to sit over there in the Salem House of Correction, that is his business. What difference does it make?"

[8] The Commonwealth did not argue before the judge that Mass. R. Crim. P. 30 (b), rather than Mass. R. Crim. P. 12 (c) (2) (B), governs postsentence motions to withdraw pleas.

ure.[9]  In *Kadwell* v. *United States*, 315 F.2d 667, 670 (9th Cir. 1963), the court explained why a different standard was needed for motions made after the plea was accepted and the sentence imposed.  "Before sentencing, the inconvenience to court and prosecution resulting from a change of plea is ordinarily slight as compared with the public interest in protecting the right of the accused to trial by jury. But if a plea could be retracted with ease *after* sentencing, the accused might be encouraged to plead guilty to test the weight of potential punishment, and withdraw the plea. . . . The result would be to undermine respect for the courts and fritter away the time and painstaking effort devoted to the sentencing process."

Moreover, there is a strong possibility that the prosecutor's case will be unfairly prejudiced if the defendant is easily allowed to withdraw his plea after sentencing.[10]

---

[9] Federal R. Crim. P. 32 (d) provides: "A motion to withdraw a plea of guilty or nolo contendere may be made only before sentence is imposed or imposition of sentence is suspended; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his plea."  Under this rule, courts have broad discretion to grant or to deny presentence motions to withdraw pleas. See *United States* v. *Morrow*, 537 F.2d 120, 146 (5th Cir. 1976), cert. denied sub nom. *Brennan* v. *United States*, 430 U.S. 956 (1977); *United States* v. *Read*, 534 F.2d 858, 859 (9th Cir. 1976).  See also 8A Moore's Federal Practice par. 32.07[2], at 32-109, 32-114 (2d ed. 1981 & Supp. 1982). After sentencing, a court may only allow the defendant to withdraw his plea upon a showing of manifest injustice. See *Kinney* v. *United States*, 391 F.2d 901, 902 (1st Cir. 1968); *Kadwell* v. *United States*, 315 F.2d 667, 670 (9th Cir. 1963).

Unlike Fed. R. Crim. P. 32(d), Mass. R. Crim. P. 30 (b) does not require a showing of manifest injustice, but only a showing that justice may not have been done.

[10] Massachusetts R. Crim. P. 30 reduces the possibility of prejudice to the Commonwealth by requiring that the defendant make his new trial motion in writing.  Under rule 30 the defendant must support this motion with an affidavit and serve a copy of the motion and the accompanying affidavit on the district attorney.  These requirements assure the Commonwealth an adequate opportunity to oppose the defendant's motion. After receiving notice of the motion, the prosecutor has time to check that witnesses are still available, evidence has not been destroyed, or that other circumstances have not changed.

In this case, the Commonwealth learned of the defendant's motion one day before it was made.  In this situation, the prosecutor may not have

J.E. Bond, Plea Bargaining and Guilty Pleas § 7.06[1], at 314-315 (1978). Witnesses may be unavailable; evidence may have been destroyed. Thus, a judge should only grant a postsentence motion to withdraw a plea if the defendant comes forward with a credible reason[11] which outweighs the risk of prejudice to the Commonwealth.[12]

Finally, when a defendant withdraws his plea after sentencing, he may receive a harsher sentence than was originally imposed. See *Commonwealth* v. *Tirrell*, 382 Mass. 502, 506-510 (1981); *Commonwealth* v. *Therrien*, 359 Mass. 500 (1971); *Ehl* v. *Estelle*, 656 F.2d 166, 172 (5th Cir. 1981), cert. denied, 455 U.S. 953 (1982). This harsher sentence may appear to the defendant as an unjustified penalty for breaking his agreement with the prosecutor rather than the punishment he deserves for committing a crime. Such a

---

had an adequate opportunity to show prejudice before the judge granted the defendant's motion.

On appeal, the Commonwealth does not allege prejudice from the allowance of the motion. We therefore assume that in fact the Commonwealth suffered no prejudice.

[11] Other courts have held that even before sentencing a defendant must come forward with a plausible reason why he should be allowed to withdraw his plea. See, e.g., *United States* v. *Devins*, 646 F.2d 336 (8th Cir. 1981); *United States* v. *Rasmussen*, 642 F.2d 165 (5th Cir. 1981); *United States* v. *Roberts*, 570 F.2d 999 (D.C. Cir. 1977); *United States* v. *Michaelson*, 552 F.2d 472 (2d Cir. 1977); *United States* v. *Webster*, 468 F.2d 769, 771 (9th Cir. 1972), cert denied, 410 U.S. 934 (1973); *United States* v. *Lombardozzi*, 436 F.2d 878, 881 (2d Cir.), cert. denied, 402 U.S. 908 (1971); *State* v. *Slater*, 169 Conn. 38, 43 (1975).

Massachusetts R. Crim. P. 30 (c) (2), 378 Mass. 900 (1979), requires the defendant to include all grounds for relief in his new trial motion. Any grounds not so raised may be deemed waived.

In this case, the judge determined that the grounds raised by the defendant were nonsense. Since the defendant did not raise any other grounds, the judge should have denied the defendant's motion.

[12] Even before sentencing, courts generally do not allow defendants to withdraw their pleas if the prosecution would suffer prejudice. See, e.g., *United States* v. *Bryant*, 640 F.2d 170 (8th Cir. 1980); *United States* v. *Strauss*, 563 F.2d 127 (4th Cir. 1977); *United States* v. *Savage*, 561 F.2d 554 (4th Cir. 1977); *United States* v. *Del Valle-Rojas*, 463 F.2d 228 (9th Cir. 1972); *United States* v. *Lombardozzi*, *supra*. See also ABA Standards Relating to Pleas of Guilty § 2.1 (Approved Draft 1968).

result undermines any possible effectiveness the criminal justice system may have on the defendant. Further, public confidence in the administration of justice may be reduced if judges readily grant postsentence motions to withdraw pleas for no valid reason. Witnesses are entitled to have the judge consider witness inconvenience and loss of time. Judges, therefore, should apply the standard set out in Mass. R. Crim. P. 30 (b) rigorously, and allow defendants to withdraw their pleas after sentencing only "if it appears that justice may not have been done."

In this case, the judge treated the defendant's postsentence motion as if it had been made before the plea was accepted and sentence imposed. Exercising broad discretion, he allowed the defendant to withdraw his plea although he found no indication that justice may not have been done. Since the judge applied the standard set out in Mass. R. Crim. P. 12 (c) (2) (B), rather than Mass. R. Crim. P. 30 (b), as he should have done, the judge's order allowing the defendant to withdraw his plea must be reversed.

*So ordered.*