In 1995, the defendant, James Allen, pleaded guilty to one count of rape and two counts of indecent assault and battery. In 2015, he filed a motion for a new trial seeking to withdraw his guilty pleas, which was denied without a hearing. He now appeals the denial of that motion. On appeal, Allen argues that (1) plea counsel had an actual conflict of interest; (2) plea counsel had a potential conflict of interest; (3) he received ineffective assistance of counsel; and (4) his plea was not intelligent and voluntary. We affirm.
Standard of review. "Once accepted, [a] plea of guilty ... is itself a conviction." Commonwealth v. DeMarco, 387 Mass. 481, 481 (1982) (quotation omitted). A motion to vacate a guilty plea therefore seeks postconviction relief, and is treated as a motion for new trial pursuant to Mass.R.Crim.P. 30(b), as appearing in 435 Mass. 1501 (2001). See Commonwealth v. Robbins, 431 Mass. 442, 444 (2000). The denial of a motion to withdraw a guilty plea is reviewed only to "determine whether there has been a significant error of law or other abuse of discretion." Commonwealth v. Sylvester, 476 Mass. 1, 5 (2016) (quotation omitted).
Background. The defendant contends that his plea attorney, Frank Marchetti, was engaged in a scheme with then-Middlesex County Superior Court Clerk-Magistrate Joseph Marshall and private investigator James Mills, where the clerk-magistrate would appoint Marchetti or one of three other attorneys, each of whom would move for investigative funds and hire Mills. Mills would then bill the Committee for Public Counsel Services (CPCS) for work not performed. See Commonwealth v. Milley, 67 Mass. App. Ct. 685, 686-687 (2006).
Discussion. 1. Actual conflict of interest. Allen contends that plea counsel's alleged involvement with Marshall and Mills amounted to an actual conflict of interest, where his attorney's priority was a criminal conspiracy and not Allen's case. Under art. 12 of the Massachusetts Declaration of Rights, a defendant has the "right to the full and undivided loyalty of his attorney. A defendant is entitled to the untrammeled and unimpaired assistance of counsel free from any conflict of interest." Commonwealth v. Shraiar, 397 Mass. 16, 20 (1986). An actual conflict exists "where the 'independent professional judgment' of trial counsel is impaired ... by his own interests." Ibid. Where an actual conflict exists, the defendant need not demonstrate that the conflict resulted in prejudice. Ibid. It is the defendant's burden to prove that a conflict existed. Ibid.
This case largely parallels Commonwealth v. Milley, supra at 685, where the defendant sought a new trial on grounds that his attorney was one of the attorneys engaged in the conspiracy and had a financial interest in accepting the appointment. In Milley, no actual conflict existed where "[t]here [was] nothing to show that the tainted conduct of Marshall and Mills was in conflict with [the attorney's] duty to represent the defendant." Id. at 689.
As evidence of a conflict, Allen provides the trial transcript from the investigator's trial on charges related to his billing of CPCS. See Commonwealth v. Mills, 436 Mass. 387 (2002). However, despite Allen's argument that "[t]here can be no question that defense counsel Marchetti, an officer of the court, knew what was going on," he fails to provide evidence that Marchetti was engaged in the conspiracy or that it affected Marchetti's representation of him. Although Allen contends that his case was handled during the same period that the scheme was ongoing, the motion judge noted that Marchetti was not indicted for his alleged participation, and that there is no evidence that Mills participated in Allen's case. See Milley, 67 Mass. App. Ct. at 688-689 (no actual conflict where there was no indication that attorney engaged in impropriety in case, and no indication there was irregular compensation by CPCS). We discern no abuse of discretion where the defendant fails to "present demonstrative proof detailing both the existence and the precise character of this alleged conflict," outside of "mere conjecture or speculation." Shraiar, 397 Mass. at 20.
2. Potential conflict of interest and ineffective assistance of counsel. Where the defendant shows a potential conflict of interest, he must show actual prejudice. Commonwealth v. Dahl, 430 Mass. 813, 817 (2000). " 'Actual prejudice is measured against the standard in Commonwealth v. Saferian, 366 Mass. 89, 96 (1974), as in cases involving claims of ineffective assistance of counsel.' Commonwealth v. Croken, 432 Mass. 266, 272 (2000). In other words, the defendant must show that his attorney's conduct fell 'measurably below that which might be expected from an ordinary fallible lawyer' and that, as a result, the defendant 'likely [was] deprived ... of an otherwise available, substantial ground of defence.' Commonwealth v. Saferian, supra." Commonwealth v. Agbanyo, 69 Mass. App. Ct. 841, 849 (2007).
Allen contends that his attorney failed to adequately investigate his case in preparation for trial and that he was therefore induced to plead guilty. As support, he provided affidavits from himself and an individual who was present the night of the incident.
"[T]he [motion] judge may decide a rule 30(b) motion based solely on affidavits [and] may discredit untrustworthy affidavits." Commonwealth v. Lopez, 426 Mass. 657, 663 (1998). The only support for the defendant's motion was the two self-serving affidavits, one by the defendant and one by a friend. Allen's contentions contradict his sworn statements at the plea colloquy. See Commonwealth v. Hiskin, 68 Mass. App. Ct. 633, 643 (2007). The friend's affidavit is of limited relevance because he was not in the room at the time of the incidents in question. See Commonwealth v. Pingaro, 44 Mass. App. Ct. 41, 48 (1997) ("The credibility, weight, and impact of the affidavits in support of the motion are entirely within the judge's discretion"). We discern no abuse of discretion where the record falls short of demonstrating prejudice.
3. Intelligence and voluntariness of the plea. Allen contends that his plea was not intelligent and voluntary because the judge declaratively told him that he had the opportunity to discuss his case and the possible consequences with counsel, rather than inquiring if he did. He also contends that the totality of the colloquy indicates that the plea was not voluntary as the judge conducted the colloquy in an erroneous manner.
"Due process requires that 'a guilty plea should not be accepted, and if accepted must later be set aside,' unless the contemporaneous record contains an affirmative showing that the defendant's plea was intelligently and voluntarily made." Commonwealth v. Furr, 454 Mass. 101, 106 (2009), quoting from Commonwealth v. Foster, 368 Mass. 100, 102 (1975).
During Allen's plea colloquy, the plea judge began to ask Allen about his attorney, stating, "And have you had a full opportunity to go over your case with Mr. Cachiotti, prior counsel?" After stating the wrong attorney's name, an exchange followed between the plea judge and Marchetti, ending with the judge stating, "Mr. Marchetti. I'm sorry. You've had an opportunity to go over with Mr. Marchetti your case, and what the consequences be to you of pleading guilty under these circumstances. Do you understand, sir?" Allen contends that this exchange amounts to a failure by the court to properly inquire into the voluntariness of his plea.
As the motion judge explained in a well-reasoned decision, taking the plea colloquy as a whole, the plea judge's inquiry was adequate. See Commonwealth v. Quinones, 414 Mass. 423, 434 (1993) ("No particular form of words need be used in the required inquiry of a defendant"). The initial question prior to the misstatement of Marchetti's name was clear, and the plea judge immediately followed the rephrasing with a question. Allen affirmatively indicated that he understood and agreed with the question. Allen raised no issues during the entirety of the colloquy. Furthermore, the record as a whole indicates that the plea judge questioned Allen about whether he agreed with the summary of the facts, believed that his attorney acted in his best interest, and was pleading guilty because he was guilty and for no other reason. In probing the defendant's mind, the plea judge was entitled to "rely heavily on the defendant's sworn responses; '[a] judge is not expected to read the defendant's mind or the multiplicity of unspoken thoughts and emotions that underlie the decision to plead guilty.' " Commonwealth v. Williams, 71 Mass. App. Ct. 348, 354 (2008), quoting from Hiskin, supra at 638.
The motion judge also considered that nearly twenty years passed between Allen accepting the plea and filing the motion. Although the delay itself was not dispositive, the judge weighed the prejudice to the Commonwealth of having to try the case after the passage of time, and considered that the passage of time undermined Allen's claims of a miscarriage of justice. See Commonwealth v. DeMarco, 387 Mass. 481, 485 (1982) ("[T]here is a strong possibility that the prosecutor's case will be unfairly prejudiced if the defendant is easily allowed to withdraw his plea after sentencing"); Commonwealth v. Wheeler, 52 Mass. App. Ct. 631, 635 n.8 (2001) ("The collateral or contingent consequences of a conviction, by themselves, do not amount to justice not being done in the underlying proceeding").
We discern no error in the motion judge's conclusion that the record demonstrates that the plea was voluntarily and knowingly made.[2]
Order denying motion for new trial affirmed.

To the extent that we do not address the appellant's other contentions, they "have not been overlooked. We find nothing in them that requires discussion." Commonwealth v. Domanski, 332 Mass. 66, 78 (1954).