The defendant, Ralph Erilus, appeals from the denial of an assented-to motion to vacate his guilty plea on the basis of ineffective assistance of counsel. Specifically, he claims that when he pleaded guilty in January, 2017, his attorney did not advise him that the plea would subject him to virtually automatic deportation. He further asserted that if he had been informed of the consequences, as an almost life-long resident of the United States, he would have taken the risk of going to trial. The motion judge, who was also the plea judge, denied the motion, as well as a subsequent motion for reconsideration. The judge reasoned that because the evidence against the defendant was overwhelming and the defendant had violated the terms of probation by testing positive for drugs and alcohol, allowing the motions would not be in the interests of justice.
Because the defendant satisfied his burden to prove plea counsel's inadequacy and resulting prejudice under Padilla v. Kentucky, 559 U.S. 356 (2010), on November 2, 2018, we issued the following order: "The orders denying the defendant's motion to vacate conviction and the defendant's motion to reconsider denial of motion to vacate are reversed, and the judgment of conviction is vacated. Opinion to follow." This memorandum and order states the reasons for our order.
Background. A joint Federal-State police operation executed a search warrant at a Fitchburg address on October 28, 2016. As a result of the search, the defendant was arraigned in the District Court on October 31, 2016, on a criminal complaint charging possession of a Class B substance, crack cocaine, with intent to distribute, in violation of G. L. c. 94C, § 32A (a ), and conspiracy to violate the State controlled substances act, in violation of G. L. c. 94C, § 40.
Less than three months later, at the defendant's third court date on January 26, 2017, he pleaded guilty to the charge of possession with intent to distribute a Class B substance, and was sentenced to a term of probation. The Commonwealth dismissed the conspiracy charge. Ten months later, on November 21, 2017, while reporting to his probation officer at the Worcester County sheriff's station in Fitchburg, the defendant was taken into custody by the United States Immigration and Customs Enforcement (ICE).
On February 5, 2018, the defendant filed a "motion to vacate conviction" supported by his own affidavit, the affidavit of plea counsel, and the affidavit of his new counsel, an attorney who specializes in immigration law. In the motion, the defendant sought to withdraw his guilty plea and be granted a new trial. The Commonwealth assented to the motion and recommended that the judge enter a "guilty file[d]" disposition with respect to the charge of possession with intent to distribute.[2]
The defendant stated in his affidavit that he was born in Haiti in 1976 and legally immigrated to the United States with his mother and four sisters at the age of seven to join his father, who had obtained United States citizenship. The defendant's entire family resided in the United States. He had no family left in Haiti, and any property the family owned there was destroyed by the earthquake in January, 2010. The defendant had two children, ages two and seven, and was responsible for them financially, even though they lived with their mothers. He was self-employed as an independent contractor installing satellite dishes throughout Worcester County for a television service provider.[3]
Plea counsel stated in his affidavit that the extent of his advice to the defendant regarding immigration consequences was to review the Tender of Plea or Admission & Waiver of Rights form, known as the "green sheet," with the defendant, which states in general terms that a guilty plea "may have" various immigration consequences. The defendant added that when he asked plea counsel about the possibility of deportation mentioned in the standard immigration warnings, counsel "reassured [him] that as a life-long resident of the United States the chance of that outcome was slim to none."
In fact, the conviction that resulted from the defendant's guilty plea was an aggravated felony under Federal law, 8 U.S.C. § 1101 (a) (43) (B), and subjected the defendant to automatic deportation.[4] The defendant averred that if he had been advised that his plea would result in his automatic deportation, he "would never, ever have pleaded guilty to this charge" and "would have staked it all and gone to trial regardless of the risk involved" rather than being separated from his sons and family and "barred from a country that is [his] home."
The judge held a nonevidentiary hearing on the motion on February 26, 2018. The defendant did not appear because he was in ICE custody, and ICE refused to transport him to the hearing or to allow him to participate by videoconference. At the hearing, the judge expressed concern about the procedure for acting on the Commonwealth's recommendation to file a guilty finding when the defendant was not present to consent, as required by Mass. R. Crim. P. 28 (e), 453 Mass. 1501 (2009). The judge also noted that the defendant had a pending probation violation warrant after testing positive for alcohol.[5] Based on these factors, the judge concluded, "I don't think it's in the interest of justice to allow this motion," and denied it without prejudice.
At the hearing on the defendant's motion for reconsideration held on March 16, 2018, the judge continued to question how allowing the motion would advance the interests of justice. The judge had read the affidavit in support of the search warrant, which indicated that the defendant had sold drugs to a confidential informant on three occasions, and noted that the evidence against the defendant was "overwhelming." Defense counsel responded that under a recent United States Supreme Court decision, Lee v. United States, 137 S. Ct. 1958 (2017), a defendant facing certain deportation could rationally and credibly elect to go to trial, even in the face of overwhelming evidence. Nonetheless, citing the overwhelming evidence against the defendant -- although the judge allowed, "I know that's not the standard" -- and evidence that the defendant violated probation by using drugs and alcohol, the judge denied the motion for reconsideration as not being "in the interests of justice."
Discussion. A motion to withdraw a guilty plea is treated as a motion for a new trial under Mass. R. Crim. P. 30, as appearing in 435 Mass. 1501 (2001). See Commonwealth v. Fanelli, 412 Mass. 497, 504 (1992). "A judge may grant such a motion only 'if it appears that justice may not have been done.' " Id., quoting Commonwealth v. DeMarco, 387 Mass. 481, 482 (1982). "Judges are to 'apply the standard set out in Mass. R. Crim. P. 30(b) rigorously,' and should 'only grant a postsentence motion to withdraw a plea if the defendant comes forward with a credible reason which outweighs the risk of prejudice to the Commonwealth.' " Commonwealth v. Hason, 27 Mass. App. Ct. 840, 844-845 (1989), quoting DeMarco, 387 Mass. at 486-487.
We review a judge's decision on a motion for new trial "to determine whether there has been a significant error of law or other abuse of discretion." Commonwealth v. Lavrinenko, 473 Mass. 42, 47 (2015), quoting Commonwealth v. Grace, 397 Mass. 303, 307 (1986). "That discretion, however, 'is not boundless and absolute.' " Commonwealth v. Kolenovic, 471 Mass. 664, 672 (2015), quoting Commonwealth v. Genius, 402 Mass. 711, 714 (1988). "While we will not disturb a judge's subsidiary findings which are warranted by the evidence, 'ultimate findings and conclusions of law, particularly those of constitutional dimensions, are open for our independent review.' " Commonwealth v. Cousin, 478 Mass. 608, 615 (2018), quoting Commonwealth v. Walter, 396 Mass. 549, 553-554 (1986).
By relying entirely on the evidence of the defendant's wrongdoing and his conduct while on probation, and giving peremptory consideration to the elements of the defendant's claim of ineffective assistance under Padilla, the judge misapplied the rule 30 (b) standard. "In a new trial motion asserting ineffective assistance of counsel, whether justice may not have been done equates with whether counsel was constitutionally ineffective." Commonwealth v. Wheeler, 52 Mass. App. Ct. 631, 636 (2001). If the defendant can demonstrate ineffective assistance of counsel, then, by definition, "there has been prejudicial constitutional error ... and justice has not been done." Id. Accordingly, we turn to the merits of the defendant's Padilla claim.
To be entitled to relief, the defendant had the burden to show that plea counsel failed to give him adequate advice regarding the immigration consequences of his plea, and that he was prejudiced by that counsel's constitutionally deficient advice. See Padilla, 559 U.S. at 366-369 ; Commonwealth v. Sylvain, 466 Mass. 422, 437-438 (2013) ; Commonwealth v. Henry, 88 Mass. App. Ct. 446, 451-452 (2015).
Plea counsel's advice here was clearly inadequate. Possession with intent to distribute a Class B controlled substance is an aggravated felony under Federal law, see Commonwealth v. DeJesus, 468 Mass. 174, 181 (2014) ; Commonwealth v. Clarke, 460 Mass. 30, 32 n.2 (2011), and plea counsel was obligated to inform the defendant, in no uncertain terms, that "deportation would be practically inevitable." DeJesus, 468 Mass. at 181. It was not enough to say that a guilty plea might have immigration consequences. Id. ("Telling the defendant that he was 'eligible for deportation' and that he would 'face deportation' was not adequate advice"). Putting aside the defendant's assertion that plea counsel told him that the chances of deportation were "slim to none," plea counsel's affidavit on its face suffices to show that he failed to provide constitutionally adequate advice concerning the deportation consequences of pleading guilty. See Sylvain, 466 Mass. at 438.
In the context of a Padilla claim, the defendant has three avenues for demonstrating prejudice: he can show (1) that he had a viable defense to the charges, (2) a reasonable probability of negotiating a plea bargain that would not have exposed him to immigration consequences, or (3) "the presence of 'special circumstances' that support the conclusion that he placed, or would have placed, particular emphasis on immigration consequences in deciding whether to plead guilty." Henry, 88 Mass. App. Ct. at 455, quoting Clarke, 460 Mass. at 47-48. In the context of special circumstances, "a noncitizen defendant confronts a very different calculus than that confronting a United States citizen" when deciding whether to accept a guilty plea. DeJesus, 468 Mass. at 184. A noncitizen defendant may rationally risk going to trial, even when doing so involves a serious risk of a lengthy sentence and deportation, to retain a chance of avoiding automatic deportation. Id.
The Supreme Court has also recently recognized that it would not be irrational for a person in the defendant's position to reject a lenient plea offer in favor of a trial with a miniscule likelihood of acquittal. See Lee, 137 S. Ct. at 1968-1969. When "the respective consequences of a conviction after trial and by plea ... are, from the defendant's perspective, similarly dire, even the smallest chance of success at trial may look attractive." Id. at 1966.
Here, even if the case against the defendant was in fact overwhelming,[6] the defendant's motion and affidavit amply demonstrated the presence of "special circumstances." At the time he pleaded guilty, in January of 2017, he had lived in the United States for over thirty years, since he was seven years old. His entire family lived in the United States, and his father, mother, and a sister were United States citizens. He had absolutely no ties to Haiti. He had steady employment in the Worcester County area. Most importantly, he was the father of two young children who were born in the United States and relied on him for financial support. His "claim that he would not have accepted a plea had he known it would lead to deportation is backed by substantial and uncontroverted evidence." Id. at 1969.[7] See ibr.US_Case_Law.Schema.Case_Body:v1">id. at 1968 (concluding that defendant had demonstrated prejudice by showing that at time of guilty plea he had lived in United States for nearly thirty years, had established two businesses, was sole caretaker of his elderly parents, who were both American citizens, and had no ties to South Korea, where he had not returned to since leaving as child); DeJesus, 468 Mass. at 184 (affirming order allowing motion for new trial where defendant had been in United States since he was eleven years old, his family was in Boston, and he had maintained steady employment in Boston area); Henry, 88 Mass. App. Ct. at 456 (remanding for further findings concerning defendant's relationship with children and grandchildren living in United States).
Conclusion. The orders denying the defendant's motion to vacate conviction and the defendant's motion to reconsider denial of motion to vacate are reversed, and the judgment of conviction is vacated.
So ordered.
Reversed in part; vacated in part.

In light of the position it took in the trial court, the Commonwealth elected not to file a brief in this appeal.

The defendant's affidavit focused on his ties to the United States at the time he signed the affidavit. The proper focus in the Padilla context is the time of the guilty plea. In this case, as the affidavit was written only one year after the plea, the relevant facts are not materially different.

See Commonwealth v. DeJesus, 468 Mass. 174, 181 (2014) ; Commonwealth v. Clarke, 460 Mass. 30, 32 n.2 (2011).

The defendant had previously been found in violation of probation after testing positive for cocaine.

New counsel did point out that in the short time between arraignment and guilty plea, plea counsel did not challenge the propriety or execution of the search warrant.

As the judge made no findings concerning the alleged special circumstances, we have supplemented the record with uncontroverted record evidence, mindful that we may not "engage in what amounts to independent fact finding in order to reach a conclusion of law that is contrary to that of a motion judge who has seen and heard the witnesses, and made determinations regarding the weight and credibility of their testimony." Commonwealth v. Jones-Pannell, 472 Mass. 429, 438 (2015). In this regard, the judge did not discredit the defendant's showing regarding his ties to the United States; indeed, the judge indicated that he was not "unsympathetic to [the defendant's] situation." The judge rejected the defendant's showing of prejudice based on a misapplication of the relevant legal standards, not based on any determination regarding the defendant's credibility.