NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-203

COMMONWEALTH

vs.

DOUGLAS W. BURNS.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant, Douglas Burns, appeals from an order denying his motion for a new trial after his conviction of one count of assault with a dangerous weapon, in violation of G. L. c. 265, § 15B. On appeal, the defendant claims that he is entitled to a new trial because additional evidence casting doubt as to the victim's injury at the time of the incident came to light during hearings associated with the victim's worker's compensation claim against his employer, Suffolk County. This purported newly discovered evidence is an affidavit authored by Marie B. Lungelow, a former shift commander at the Suffolk County house of correction who was charged with investigating the incident in 1991 at which the victim claimed to have been injured. Lungelow, in her affidavit dated December 15, 1998, claims that the victim told her, soon after the 1991 incident, that he had

not been injured.  This claim stands contrary to the victim's testimony at trial that he suffered a debilitating back injury. The defendant claims that this affidavit is new evidence that warrants a new trial because it would have undermined the victim's credibility and altered the jury's analysis of who was the first aggressor in the physical altercation.

We affirm the order after concluding the defendant did not establish that (1) the newly discovered evidence cast real doubt on the justice of the conviction, or (2) that the reason for a new trial outweighed the risk of prejudice to the Commonwealth.

Background.  This appeal arises from the defendant's 1995 conviction of assault with a dangerous weapon (a handgun), stemming from an incident that occurred in February 1994.  At trial, it was undisputed that the defendant and the victim collided as they were walking along a narrow, snow-lined sidewalk in Boston.  The Commonwealth's theory at trial was that the defendant, unprovoked, struck the victim and then pointed a gun at him.  The defendant claimed he drew his gun in self-defense only after the victim charged at and threw his cane at him.  The victim denied being the aggressor and insisted that his debilitating back injury at the time of the incident prevented him from charging the defendant.  Specific to his condition, the victim testified that in 1991, while working as a correction officer for the Suffolk County house of correction,

2

he sustained an injury to his back while he was breaking up a fight between inmates.  The victim further testified that this injury had led to him being unable to resume active work, and that he was "out on a physical disability."

A percipient witness, Willie Washington, corroborated the victim's account by testifying that the defendant bumped into the victim, told the victim to put his hands up, and pointed his handgun at the victim's back.  On April 21, 1995, the jury returned a guilty verdict.[1]

Discussion.  1.  Standard of review.  Under Mass. R. Crim. P. 30 (b), as appearing in 435 Mass. 1501 (2001), a judge may grant a motion for a new trial any time "it appears that justice may not have been done."  To prevail on a motion for a new trial based on newly discovered evidence, the defendant must first establish that the evidence is newly discovered.  See Commonwealth v. Grace, 397 Mass. 303, 305 (1986).  Second, the defendant must show that the newly discovered evidence "casts real doubt on the justice of the conviction" and is "material and credible . . . [and] carr[ies] a measure of strength in support of the defendant's position."  Id.  Third, the defendant must establish that the reason for a new trial "outweighs the

---

[1] This court affirmed the judgment of conviction in Commonwealth v. Burns, 41 Mass. App. Ct. 1117 (1996).

risk of prejudice to the Commonwealth."  Commonwealth v. Wheeler, 52 Mass. App. Ct. 631, 636 (2001).

On appeal, it is well recognized that the decision to grant a motion for a new trial "rests in the sound discretion of the [motion] judge," absent constitutional error.  Commonwealth v. Brown, 378 Mass. 165, 170-171 (1979).  We review a judge's decision on a motion for a new trial "to determine whether there has been a significant error of law or other abuse of discretion."  Grace, 397 Mass. at 307.  A motion judge's decision "is not to be reversed unless a survey of the whole case shows that [the] decision, unless reversed, will result in manifest injustice."  Brown, supra at 171, quoting Sharpe, petitioner, 322 Mass. 441, 445 (1948).  Producing evidence that could have influenced the trier of fact to reach a different result does not demonstrate manifest injustice.  Brown, supra. Instead, "the evidence 'must be weighty and of such nature as to its credibility, potency, and pertinency to fundamental issues in the case as to be worthy of careful consideration.'"  Id., quoting Davis v. Boston Elevated Ry., 235 Mass. 482, 495 (1920).

2.  New evidence.  Evidence will be considered new for purposes of rule 30 (b) if it was unknown and not reasonably

discoverable by the defendant or his counsel at the time of trial.[2]  See Grace, 397 Mass. at 306.

The motion judge found that the information in the Lungelow affidavit was not new evidence because the trial transcript clearly indicated that at the time of the criminal case, the defendant's "trial attorney knew [the victim] was not receiving his full benefits."  The defendant argues that the affidavit would have provided significantly stronger impeachment evidence as compared with the evidence that the victim was only receiving partial benefits.  Furthermore, the defendant contends the judge erred in finding the evidence was not newly discovered because no degree of diligence would have uncovered Lungelow's affidavit because it was neither drafted nor made available to the defendant until 1998, three years after his trial.  We do not address this issue because even if the judge erred in not considering this new evidence, any error would not merit a new trial because we conclude, as discussed infra, that the defendant has not met his burden of establishing the existence of a substantial risk that the new evidence would have led to a

_____

[2] Although a case could be made that the defendant has forfeited his right to bring this claim because the allegedly new evidence was available before he brought his first postconviction motion in 1999, see Grace, 397 Mass. at 306 ("the allegedly new evidence . . . must also have been unknown to the defendant or his counsel and not reasonably discoverable . . . at the time of the presentation of an earlier motion for a new trial"), we decide this claim on its merits.

different result, or that the reason for the new trial outweighs the risk of prejudice to the Commonwealth.

3. Material and credible evidence. As noted above, to prevail on a motion for a new trial, the defendant needed not only to have presented new evidence, but also to have presented evidence that is "material and credible" and "casts real doubt on the justice of the conviction." Grace, 397 Mass. at 305. Evidence casts real doubt on the justice of a conviction when "there is a substantial risk that the jury would have reached a different conclusion had the evidence been admitted at trial." Id. at 306. The defendant argues that Lungelow's affidavit provides crucial information that would have supported the defendant's claim that the victim was the first aggressor and undermined the victim's credibility. This claim fails when considering multiple trial witnesses testified in support the victim's account of the defendant's assault and was contrary to the defendant's defense. Willie Washington, a civilian witness who was present at the scene for the entirety of the altercation, testified that the defendant was the first aggressor, and that the victim neither threw his cane at the defendant nor charged at the defendant. The Boston police officers also testified in ways that undermined the defendant's claim of self-defense. Contrary to the defendant's testimony that he neither pointed his firearm at the victim, nor placed it

6

up against the victim's back, an officer testified that he observed the defendant holding his firearm "[in] the small of the [victim's] back."  Additionally, the jury, instructed as the fact finder to assess the credibility of the witnesses, may have been influenced by the officers' testimony that the defendant provided different versions of the event to the police, and he told the officers that he had previously been attacked near the location of this incident and "wasn't going to let it happen again."

Taking the entirety of the witnesses' testimony into consideration, the motion judge's decision that there was not a substantial risk that a jury would have reached a different conclusion if presented with the new evidence falls within "the range of reasonable alternatives."  L.L. v. Commonwealth, 470 Mass. 169, 185 n. 27 (2014).  We thus conclude the judge neither erred nor abused his discretion in finding that the new evidence does not "reach a threshold of gravity and relevance . . . as to render injustice to the Defendant."

4.  Prejudice to the Commonwealth.  "Judges are to apply the standard set forth in rule 30 (b) rigorously and should only grant such a motion if the defendant comes forward with a credible reason which outweighs the risk of prejudice to the Commonwealth."  Wheeler, 52 Mass. App. Ct. at 635-636.  The Commonwealth is prejudiced when "[w]itnesses may be

unavailable," and "evidence may . . . [be] destroyed."

Commonwealth v. DeMarco, 387 Mass. 481, 485-486 (1982).  Here,

the prejudice to the Commonwealth would be significant if a new

trial is granted because more than twenty-eight years have

passed since Burns's conviction, at least one witness has passed

away, and other witnesses' memories have likely faded.  See

Commonwealth v. Curtis, 417 Mass. 619, 623 (1994) ("witnesses'

memories would at best be considerably challenged" where

"defendants' motions for a new trial were filed many years after

the trial").

Accordingly, although Burns has produced new evidence, it

is not sufficiently grave to indicate that justice was not done,

and we affirm the judge's denial of the motion for a new trial.

<u>So ordered</u>.

By the Court (Milkey, Walsh & Smyth, JJ.[3]),

_Paul Little_

Assistant Clerk

Entered:  January 24, 2024.

---

[3] The panelists are listed in order of seniority.