NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-370

COMMONWEALTH

vs.

VERNON J. COOK, JR.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant, Vernon J. Cook, Jr., appeals from an order denying his motion for a new trial, in which he sought to withdraw his guilty plea to a charge of operating a motor vehicle under the influence of alcohol (OUI), in violation of G. L. c. 90, § 24 (1) (a) (1).  We affirm.

Background.  In 2017, the defendant was charged in the District Court with OUI after crashing into a guardrail on Route 9.  In April 2018 he tendered a guilty plea, which the judge accepted.  He was sentenced to one year of probation, completion of a drug and alcohol education program, $600 in fines, and a forty-five-day loss of his driver's license.  See G. L. c. 90, § 24D.

Almost three and one-half years after pleading guilty, in September 2021, the defendant filed a motion for new trial under Commonwealth v. Hallinan, 491 Mass. 730 (2023), seeking to withdraw his plea. He alleged that, due to anticipated hardships, he "would have pursued trial had there been no breath test evidence." After an evidentiary hearing before the same judge who accepted the plea, the motion was denied. The defendant timely appealed.

Discussion. Under Mass. R. Crim. P. 30 (b), as appearing in 435 Mass. 1501 (2001), a judge may grant a motion for new trial "if it appears that justice may not have been done." "A motion for a new trial pursuant to Mass. R. Crim. P. 30 (b) is the proper vehicle by which to seek to vacate a guilty plea." Commonwealth v. Scott, 467 Mass. 336, 344 (2014). "Judges are to apply the standard set forth in rule 30 (b) rigorously and should only grant such a motion if the defendant comes forward with a credible reason which outweighs the risk of prejudice to the Commonwealth." Commonwealth v. Wheeler, 52 Mass. App. Ct. 631, 635-636 (2001). See Commonwealth v. DeMarco, 387 Mass. 481, 485-487 (1982). "A strong policy of finality limits the grant of new trial motions to exceptional situations, and such motions should not be allowed lightly." Commonwealth v. Gordon, 82 Mass. App. Ct. 389, 394 (2012). We review a judge's denial

of a motion for a new trial for abuse of discretion or significant error of law.  See Hallinan, 491 Mass. at 744. Particular deference is given to the rulings of a motion judge where, as here, the judge served as the plea judge in the same case.  See Scott, supra.

Because the defendant pleaded guilty and the evidence against him included test results from an Alcotest 9510 breathalyzer last calibrated before April 18, 2019, he is "entitled to a conclusive presumption of egregious government misconduct."  Hallinan, 491 Mass. at 731.  To succeed on his motion to withdraw his guilty plea, the defendant was required to demonstrate "a reasonable probability" that he would not have entered a guilty plea had he known that the breath test was inadmissible.  See id. at 750; Scott, 467 Mass. at 355.  "For purposes of this standard, a reasonable probability is a probability sufficient to undermine confidence in a belief that the petitioner would have entered a plea."  Ferrara v. United States, 456 F.3d 278, 294 (1st Cir. 2006).  Factors used to determine if such a reasonable probability exists include the following:

> "(1) whether evidence of the government misconduct could
> have detracted from the factual basis used to support the
> guilty plea, (2) whether the evidence could have been used
> to impeach a witness whose credibility may have been
> outcome-determinative, (3) whether the evidence is
> cumulative of other evidence already in the defendant's

3

possession, (4) whether the evidence would have influenced counsel's recommendation as to whether to accept a particular plea offer, and (5) whether the value of the evidence was outweighed by the benefits of entering into the plea agreement."

Hallinan, supra at 750, quoting Scott, 467 Mass. at 355.  The judge may also consider "whether the defendant had a substantial ground of defense that would have been pursued at trial or whether any other special circumstances were present on which the defendant may have placed particular emphasis in deciding whether to accept the government's offer of a plea agreement." Scott, supra at 356.

1.  Reasonable probability analysis.  We discern no error of law or abuse of discretion in the motion judge's determination, considering the totality of the circumstances, see Hallinan, 491 Mass. at 750, that the defendant failed to make a credible showing that he would not have pleaded guilty if he had known that the breathalyzer results would be inadmissible at trial.  The breathalyzer test, which reported a blood alcohol content (BAC) of slightly over 0.12, was not the "crown jewel" of the Commonwealth's proof.  Contrast Hallinan, 491 Mass. at 750 (reported BAC of 0.23 "was the 'crown jewel' -- the most inculpatory piece of evidence against the defendant").  The other evidence that the defendant operated his motor vehicle under the influence of alcohol was compelling.  As a result of

4

his crashing into the guardrail, approximately ten posts "and the respective panels of the guardrail" were "completely destroyed," causing "heavy front-end damage" to the defendant's car. Before the State police arrived, the defendant threw a liquor bottle into the nearby woods. The responding trooper recovered a nearly empty bottle of rum and two plastic cups, wet with alcohol, from the adjacent woods. The defendant admitted he had been drinking, and his passenger corroborated his statement.[1] He exhibited the classic signs of intoxication -- bloodshot and glassy eyes, slurred speech, strong odor of alcohol, and being unsteady on his feet. See Commonwealth v. Stathopoulos, 401 Mass. 453, 454 (1988). He failed several field sobriety tests and was "argumentative and combative." We agree with the judge's conclusion that the evidence against the defendant, even without the breath test results, was "overwhelming," and that the "likelihood of success at trial for the Commonwealth was high."

As to whether suppression of the breath test results "would have influenced counsel's recommendation as to whether to accept a particular plea offer," Hallinan, 491 Mass. at 750, the

---

[1] The defendant told the trooper that he had consumed "one shot of gin approximately an hour prior to the crash." The passenger stated that she had started drinking at 7 A.M., and when asked how long the defendant had been drinking stated, "not as long as me."

defendant did not submit an affidavit from plea counsel in support of his motion. See Commonwealth v. Goodreau, 442 Mass. 341, 354 (2004) ("When weighing the adequacy of the materials submitted in support of a motion for a new trial, the judge may take into account the suspicious failure to provide pertinent information from an expected and available source"). The judge was "entitled to draw a negative inference from the defendant's failure to secure an affidavit," Commonwealth v. Martinez, 86 Mass. App. Ct. 545, 550 (2014), and from his failure to explain the absence of such an affidavit. See Commonwealth v. Thurston, 53 Mass. App. Ct. 548, 553-554 (2002). See also Commonwealth v. Lys, 481 Mass. 1, 6 (2018) (motion judge allowed to "infer that the absence of an affidavit from prior counsel makes the statements in the defendant's affidavit less likely to be true").

Notwithstanding the likelihood of a conviction even without the breathalyzer results, we must consider whether the Commonwealth's inability to introduce those results at trial affected the defendant's calculus as to the benefits of his guilty plea versus going to trial. Among the reasons the defendant listed for wanting to go to trial were that he "was not guilty, and wanted an opportunity to tell [his] side of the story" and that he "wanted to be heard." The judge could

6

reasonably have disregarded these reasons, as the defendant would have had the same incentives with or without the breathalyzer evidence. He claimed that he "would also have demanded a trial because [he] knew that any plea would have a negative impact on [his] life." Again, given his knowledge at the time that the guilty plea would be detrimental, the defendant offered no explanation as to why he pleaded guilty anyway.

The defendant also claimed that because of his special circumstances -- his inability to find a job without a driver's license and his desire to reconnect with his estranged children -- the forty-five-day suspension of his license caused him particular hardship, and he "had a strong incentive to go to trial in the hopes of avoiding these problems." But had the defendant chosen to proceed to trial, he faced a loss of license for a full year, see G. L. c. 90, § 24, (1) (c) (1), a potential fine of up to $5,000, and a sentence of up to two and one-half years in prison. G. L. c. 90, § 24 (1) (a) (1). While the defendant avers that he was unlikely to face such harsh consequences given that this was his first OUI offense, in the plea bargaining context, "the defendant's fond hopes for acquittal must be tempered by his understanding of the strength of the case against him, his prior record, and the completely

unknowable reaction of the trier of fact" (emphasis added).[2]
Commonwealth v. Tirrell, 382 Mass. 502, 510 (1981). In light of
the fact that the defendant received a favorable plea deal that
allowed him to avoid incarceration, and that a loss of license
was inevitable in almost any event, it was well within the
judge's discretion to conclude that the defendant would have
opted for the plea offer rather than risk facing greater
penalties at trial.

The defendant relies heavily on Commonwealth v. Lavrinenko,
473 Mass. 42 (2015), in support of his special circumstances
argument. In Lavrinenko, the defendant, who had been admitted
into the United States as a refugee from religious persecution
in Russia, pleaded guilty to a charge of assault by means of a
dangerous weapon without being advised by counsel how his guilty
plea would affect his immigration status. See id. at 43, 46-51.
The court held that the defendant's refugee status, by itself,
was a special circumstance because, "[f]or a noncitizen
defendant, preserving his [or her] right to remain in the United
States may be more important to [him or her] than any jail
sentence" considering the persecution the defendant may face if
deported (quotation and citation omitted). Id. at 58. The

---

[2] The defendant's probation record submitted to the court
dated back three decades and included numerous charges for
violent crimes.

defendant's calculus pales in comparison. The special circumstances the defendant alleged are typical of all OUI prosecutions and are not the type of "dire" consequences contemplated by Lavrinenko and similar cases. See Lavrinenko, 473 Mass. at 55-56. See also Lys, 481 Mass. at 8-9 (discussing how immigration consequences could qualify as special circumstances).

Moreover, unlike the defendant in Lavrinenko, the defendant here was fully aware that his guilty plea involved a loss of his driving privileges. According to the defendant's affidavit, he "knew that [his] license would be suspended as a result of [his] plea," he "knew that any plea would have a negative impact on [his] life," and he "anticipated that when the period of [his] license suspension expired, [he] would still be unable to afford any license reinstatement fee." Nonetheless, he pleaded guilty. Like the judge, we discern no reasonable probability that the defendant would have risked similar consequences, only more severe, by rejecting the plea offer and going to trial. See Commonwealth v. Chleikh, 82 Mass. App. Ct. 718, 729 (2012) (defendant's special circumstances not type that "might warrant a rational willingness to 'roll the dice' and opt for trial, rather than to accept a plea bargain"). The defendant's showing did not undermine confidence that he still would have pleaded

9

guilty, and not opted to go to trial, even if he had known that the breath test was inadmissible.

2. _Procedural issues_. The defendant also argues that the judge erred by preventing him from testifying about his special circumstances at the evidentiary hearing, and that he is entitled to a new hearing to present additional evidence of special circumstances. We disagree.

The judge did not err by cutting off counsel's questioning about the adverse effects that ensued after the defendant pleaded guilty. Whether the defendant would have chosen to proceed to trial takes into consideration the facts and circumstances known to the defendant at the time of the guilty plea, not those that occurred after the fact. See _Scott_, 467 Mass. at 357. "[D]issatisfaction with a sentence is never a sufficient reason to grant a defendant's postsentence motion to withdraw his plea." _DeMarco_, 387 Mass. at 483 n.5.

To the extent the judge's written decision suggested that the defendant's hardships from his loss of license were "inapplicable to the legal analysis," she may have overstated the case. The fact remains, however, that the defendant's motion for a new trial and supporting affidavit detailed those hardships. Counsel's offer of proof added nothing to the facts already before the judge. The defendant does not argue that he

10

intended to present additional special circumstances to the judge, nor does he explain how additional testimony would have furthered the judge's understanding of his circumstances. It was within the judge's discretion to limit the defendant's testimony after determining that it would be irrelevant or cumulative. See Goodreau, 442 Mass. at 348-349 ("If the theory of the motion, as presented by the papers, is not credible or not persuasive, holding an evidentiary hearing to have the witnesses repeat the same evidence . . . will accomplish nothing"); Mass. G. Evid. § 403 (2025).

Order denying motion for new trial affirmed.

By the Court (Massing, Hand & Hershfang, JJ.[3]),

_Paul Pittle_

Clerk

Entered: August 12, 2025.

---

[3] The panelists are listed in order of seniority.